(No. 36165.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE CARTER, Plaintiff in Error.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

414

GEORGE D. LEVY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant Joe Carter was found guilty of burglary in a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than two nor more than four years. His codefendant Christopher Randle was likewise found guilty and codefendant Boyd Van Whyte entered a plea of guilty. On this writ of error he alleges numerous trial errors and contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt.

Jack Bennett, the manager of a tavern at 1837 West Madison Street, Chicago, walked past the establishment on his way home at about 2:30 A.M. on February 8, 1960. He discovered a front window broken out leaving an opening large enough to easily admit a man. He saw Carter and his two codefendants in the tavern and hailed a passing motorcycle policeman. Officer Bieniek saw Van Whyte in the middle of the tavern and saw Carter leaning on the bar at the front of the tavern. He ordered Carter to stop as he started to exit through the broken window. After reinforcements arrived, he ordered Carter to come out and placed him under arrest. Bieniek then entered the tavern and arrested Van Whyte while another policeman brought Randle out of the basement. While the three men were being searched, a German shepherd dog jumped onto a ledge near Carter, and when he was taken to the squadrol, the dog followed. Lieutenant Penney testified that Carter told him orally the following day that he had gone into the tavern to burglarize it.

Defendant contends that the trial court abused its discretion in refusing to grant his motion for a continuance to obtain a transcript of a previous mistrial for the purpose of impeaching the testimony of Jack Bennett. At the earlier trial Bennett testified that when he looked into the tavern he saw "some people" and that when he entered the tavern he saw two men. But this apparent conflict can be resolved

by reference to Bennett's testimony that defendant was brought out of the tavern before Bennett entered. Even if the conflict is not so explained, counsel's extended probing of this alleged inconsistency does not appear to have suffered from the absence of the transcript.

Defendant next contends that the court erred in exempting Lieutenant Penney from the order excluding witnesses from the court room. Absent a showing of prejudice, and none here appears, it was not an abuse of the trial court's discretion to allow the police officer to remain in the court room. See *People* v. *Strader,* 23 Ill.2d 13.

Defendant asserts that a number of errors were committed surrounding the admission of his alleged oral confession. First, he argues that the confession was inadmissible because the list of persons present may have been incorrect. However, any error in the list was not an error of omission. The list furnished defendant named Penney, Doyle, Mohan and Ziegenhorn as having been present at the alleged oral confession. Penney testified as to the presence of Doyle, Mohan and himself and stated that Ziegenhorn may have been there. There could be no prejudice to defendant in listing the name of an officer who may have been present. At most, it shows proper caution on the part of the prosecution. Second, defendant argues that the confession should not have been admitted because Lieutenant Penney only gave his conclusions as to what was said. While a witness cannot testify as to his conclusions concerning what a defendant said, (*People* v. *Steinkraus,* 291 Ill. 283,) Penney's testimony does not fall within this proscription. Although he did not attempt to quote defendant verbatim, he did testify as to what defendant told him and as to the substance of their conversation, which was sufficient. Third, defendant argues that the confession was given under coercive conditions. The substance of this argument appears to be that the coercive effect of his being in jail combined with being questioned at 2:30

A.M. on the day after his apprehension was sufficient to render his confession involuntary. This defense was not urged in the trial court, and will not now be considered. Finally, defendant claims that the court erred in refusing his request to see a written copy of his alleged oral confession. Penney testified that another officer had made some writing based on defendant's oral statements and had included it in his report. Although a defendant is entitled to a copy of a written confession, he is only entitled to a list of witnesses present at the making of an oral confession. (Ill. Rev. Stat. 1959, chap. 38, par. 729.) Since the list was provided, there was no error.

Carter testified in his own behalf and explained his presence in the tavern at 2:30 A.M. with the following story. He was walking his dog at that hour on West Madison Street about six blocks from his home. He noticed the broken tavern window and stopped. His dog then jumped onto the window ledge. When he reached for it, it jumped to the floor inside the tavern. He called it, but it went further into the tavern. He then entered the tavern through the broken window, got his dog, and was about to leave when a policeman stopped him. He said that he entered without felonious intent and that he had not participated in the burglary. His testimony was supported by his co-defendant Van Whyte.

There was an attempt made to impeach Van Whyte by the introduction of a prior statement or confession in which he implicated Carter. Defendant contends that the court erred in allowing this confession to be so used since Van Whyte testified that he made it because he was afraid of being harmed physically by the police. The only portion of Van Whyte's confession that was admitted in evidence was his statement in the confession that he had previously known Randle. This in no way touched on the guilt or innocence of defendant and could not have prejudiced the trial judge against Carter.

This was a bench trial. The trial court did not have to believe the incredible story that defendant was just walking his dog on West Madison Street six blocks from home at 2:30 A.M.; that there just happened to be a window broken out of a tavern in which a burglary was then in progress; that his dog just happened to leap through the opening and refused to leave the tavern when called and that he just happened to disregard the suspicious nature of a broken window and enter the tavern in the middle of the night.

For the foregoing reasons, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*