THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY J. TATE *et al.*, Defendants-Appellants.

Second District (2nd Division)   No. 75-81

Opinion filed April 13, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellants.

Patrick E. Ward, State's Attorney, of Dixon (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendants pled guilty to two counts of deviate sexual assault and were sentenced to concurrent terms of four to fifteen years. A third count, charging robbery, was dismissed as part of the plea bargain.

At the guilty plea and sentencing hearing defendants stipulated to the facts giving rise to the charges: defendant Eddington drove Tate and their victim, a young female, to a side road and stopped the car, whereupon Tate threatened the victim with a starter pistol and thereafter engaged in a deviate sexual act involving his sex organ and her anus and a deviate sexual act involving his sexual organ and her mouth.

On appeal defendants assert that their convictions cannot stand since the trial court failed to admonish defendants of the mandatory period of parole called for under such offenses, and that the trial court erred by imposing two convictions and sentences when the acts charged were in violation of a single section of the criminal statute (Ill. Rev. Stat. 1973, ch. 38, §11—3,) were committed against a single victim in one location, were almost simultaneous and were prompted by one motivation.

■■ To support their first issue defendants rely on the recent Supreme Court case of *People v. Wills*, 61 Ill. 2d 105 (1975), wherein the court held that compliance with Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, §402(a)(2)) requires that the court admonish the defendants regarding the mandatory period of parole pertaining to the offense. (*People v. Wills*, at 109.) However, after defendants filed their brief in the case at bar, the court issued a supplemental opinion in the *Wills* case holding that the requirement of an admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975. As the guilty pleas in the case at hand were taken prior to that date (December 11, 1974) and since the governing case at that time (*People v. Krantz*, 58 Ill. 2d 187, 195 (1974)) indicated that Rule 402 did not require an admonishment as to parole, defendants' appeal on this issue fails.

■■ Our decision as to defendants' second issue is guided by the case of *People v. Cox*, 53 Ill. 2d 101 (1972). There, defendant pled guilty to two counts of indecent liberties with a child as charged under section 11—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1965, ch. 38, §11—4(a)). In one count he was charged with an act of intercourse (§11—4(a)(1)), and in the other he was charged with deviate sexual conduct (§11—4(a)(2)). In that case, as here, the matter of improper concurrent sentences was neither presented to nor considered by the trial court; however, in *Cox*, the court held that the matter of improper concurrent sentences was of sufficient constitutional substance to be cognizable in a post-conviction proceeding as a matter of plain error under the provisions of Supreme Court Rule 615(a). Ill. Rev. Stat. 1971, ch. 110A, §615(a).

The court in *Cox* observed that the statute upon which defendant's convictions were based listed three kinds of conduct which constituted the offense of indecent liberties with a child: any act of sexual intercourse, or any act of deviate sexual conduct, or any lewd fondling or touching of either the child or the person done or submitted to with the intent to

arouse or to satisfy the desires of either the child or the person or both. The court stated:

> "The sentences imposed upon petitioner [*Cox*] stemmed from two counts based upon a single transaction, charging two acts almost simultaneous in time and involving a single victim, each of which acts was one of the three proscribed by the statute. In contrast to the present situation, [the court cites and distinguishes other cases involving the same issue] the sentences imposed were for violation of more than one section of the Criminal Code and the conduct charged constituted more than one offense." (*People v. Cox,* 53 Ill. 2d 101, 104 (1972).)

Although the court found no reported decision involving a factual situation identical to that of the *Cox* case, it found guidance in the case of *Bell v. United States,* 349 U.S. 81, 99 L. Ed. 905, 75 S. Ct. 620 (1955). The *Bell* case involved the question of whether multiple convictions should be imposed where defendant pled guilty to two counts of violating the Mann Act, in that he transported two different women, although in the same vehicle, on the same trip. The *Bell* case ruled that where Congress left ambiguous what constituted a single criminal unit, the ambiguity should be resolved in favor of lenity (349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620). This court, citing *Bell,* stated the rule in Illinois to be "[w]here the legislature has not explicitly stated the unit of an offense, the doubt will be judicially resolved in favor of construing a single transaction as a single offense." *People v. Dillingham,* 111 Ill. App. 2d 161, 166 (1969).

The *Cox* court held that since the General Assembly had seen fit to define an offense which may be committed in any of three ways without further definition of what constitutes a single or multiple offense, "in the absence of a statutory provision to the contrary the conduct here constituted a single offense and only one sentence should be imposed." 53 Ill. 2d 101, 106.

■■ In our opinion the facts of the case at bar are parallel to those of *Cox,* and our decision is mandated by that case. The defendants herein were charged with two counts of deviate sexual assault. The applicable statutory language is:

> "Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault." (Ill. Rev. Stat. 1973, ch. 38, §11—3(a).)

Section 11—2 of the Criminal Code defines deviate sexual conduct as:

> "* * * any act of sexual gratification involving the sex organs of one person and the mouth or anus of another." (Ill. Rev. Stat. 1973, ch. 38, §11—2.)

The misconduct charged thus represents the two ways in which this stat-

utory offense may be committed. The General Assembly has not seen fit to define what constitutes a single or multiple offense. As the multiple charges in this case clearly arose from a single transaction—there being a single victim, a single location and a single time frame, without any apparent change in motivation—we are constrained to hold defendants' acts constituted a single offense and the imposition of multiple concurrent sentences was erroneous. (*People v. Cox*; see *People v. Partee*, 17 Ill. App. 3d 166, 181 (1974).) We therefore vacate the conviction and sentence on Count II of the indictment.

We emphasize that we somewhat reluctantly reach this result, because there is no clear indication that the legislature intended each act of deviate sexual conduct force or threat which occurs in a single transaction to be a separately punishable offense. We likewise emphasize that in cases such as this the trial court, in arriving at a just sentence, may properly consider in aggravation and mitigation the fact that defendant committed the single offense in multiple ways.

Except for the vacation of conviction and sentence on Count II, the judgment of the circuit court is affirmed. Judgment on Count I affirmed; judgment of conviction and sentence as to Count II vacated.

DIXON and RECHENMACHER, JJ., concur.