THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD THOMAS *et al.*, Defendants-Appellants.

Third District    No. 76-24

Opinion filed November 12, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellants.

Edward P. Drolet, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

A grand jury of Kankakee County returned an indictment which charged the defendants, Edward Thomas and Robert Riley, with three counts of armed robbery in that they committed said offense by taking money from the presence of the two victims by threatening the imminent

use of force, in violation of section 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a)).

After trial by jury a general verdict of guilty of armed robbery in the manner and form as charged in the indictment was returned and the trial court entered judgment on that verdict. Although the record is not entirely clear, it appears that the judgment entered on the general verdict was the equivalent of judgments entered separately on all three counts. After hearing in aggravation and mitigation the defendant Thomas was sentenced to imprisonment for not less than 15 years nor more than 45 years and the defendant Riley was sentenced to imprisonment for not less than 4 years nor more than 16 years.

The sole issue for review in this appeal is whether the judgments of conviction for armed robbery entered on Counts I and II of the indictment must be reversed since they arose from the same transaction as did the judgment of conviction entered on Count III of the same indictment.

During the trial of the defendants the evidence adduced proved that on April 25, 1975, at approximately 9:30 p.m. the defendants robbed the Convenient Food Mart located in Kankakee. Eula Goselin, a checker, and James Rabideau, the assistant manager, were behind the cashier's counter at the time of the robbery. The defendants entered the store which was empty, brandished a gun and announced a "stick up." One of the defendants asked for the money in the store's safe but after being convinced by assistant manager Rabideau that he did not know the safe's combination, the defendants demanded money from the cash registers. They were first given money from the witness Goselin's cash register. Immediately thereafter two people came into the store who were not aware of the fact that a robbery was taking place. In order to not alarm these individuals one of the defendants asked the assistant manager Rabideau for two packages of Kool cigarettes. After the two uninvolved individuals left the area of the cash registers the money from the second cash register, which was the one being operated by Rabideau, was placed in a paper sack along with the money which had been taken from the register operated by the checker Goselin. The defendants then left the store.

The supreme court of our State has recently issued an opinion in a case which we believe is of great assistance in determining the issue presented in this appeal. We are referring to the case of *People v. Butler* (1976), 64 Ill. 2d 485, which was filed on September 20, 1976, and which has a factual situation quite similar to the one present in the instant case. In *Butler* our Supreme Court made the following observation:

"Because the defendant and his companion each devoted his primary attention during the robbery to a different victim, it does

not follow that each was not guilty of both robberies. The crime of robbery is defined as follows:

'A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.' (Ill. Rev. Stat. 1971, ch. 38, par. 18—1(a).)

Neither the threat posed by the defendant's knife nor the threat posed by his companion's gun was confined to a single person. Both robbers mounted a concerted threat of the use of force against both victims, and it is immaterial which robber took property from which victim. (See *People v. Szatkowski* (1934), 357 Ill. 580, 583.) We hold, therefore, that the defendant was properly convicted of both armed robberies." *People v. Butler* (1976), 64 Ill. 2d 485, 489.

■■■ In examining the reasoning set forth in *Butler* we conclude that the number of victims involved is a determinative factor in robberies occurring at or nearly the same time. (See also *People v. Terry* (1976), 38 Ill. App. 3d 517, 347 N.E.2d 869.) In the instant case we had two victims of an armed robbery, yet the defendants were found guilty and convicted on three counts in the indictment returned against them. It is the State's argument that the convictions on all counts in the indictment are proper in that the defendants were both found guilty as to Count I which charged them with the taking of money from the presence of the check out clerk Goselin; that they were both found guilty as to Count II which charged them with the taking of money from the presence of assistant manager Rabideau, and that they were furthermore both found guilty as to Count III which charged them with taking of money *jointly* from both of the victims Goselin and Rabideau. We do not agree with the State that the convictions of the defendants should stand as to all three counts, but are of the opinion that the convictions on Counts I and II of the indictment are proper, but that the convictions on Count III are superfluous and meaningless and therefore we order that the convictions on said Count III are hereby vacated.

Subject to the vacating of the judgment and convictions on Count III of said indictment which we have hereby ordered vacated, the judgment of the Circuit Court of Kankakee County is in all other respects affirmed.

Judgment affirmed as modified.

ALLOY, P. J., and STENGEL, J., concur.