THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH CYBURT, Defendant-Appellant.

First District (4th Division)   No. 76-1231

Opinion filed June 30, 1977.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Joseph Cyburt, entered negotiated guilty pleas to several indictments involving sex-related offenses, and he was sentenced in accord with the terms of the plea agreement. He thereafter sought relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 et seq.). The amended post-conviction petition was dismissed without an evidentiary hearing and he appeals. Defendant argues (1) that he pleaded guilty only to gain immediate psychiatric treatment; (2) that a bona fide doubt existed as to his competency to plead guilty, thereby necessitating an evidentiary hearing on this matter; (3) that a more stringent standard of proof is required for one who pleads guilty than is necessary to determine fitness for trial; and (4) that multiple convictions are improper.

The record shows defendant was charged by two indictments. On June 28, 1973, he pleaded guilty to aggravated kidnapping and indecent liberties with a child as alleged in Indictment 73—635 (Ill. Rev. Stat. 1973, ch. 38, pars. 10—2 and 11—4) and received the recommended sentences of 15 to 40 years and 10 to 20 years respectively. In Indictment 73—996,

which involved a separate incident, defendant pleaded guilty to rape, deviate sexual assault and incest (Ill. Rev. Stat. 1973, ch. 38, pars. 11—1, 11—3 and 11—11). He was sentenced in accord with the State's recommendation to respective terms of 15 to 40 years, 4 to 14 years and 3 to 10 years. All sentences were to be served concurrently. No direct appeal was taken from these judgments.

The amended post-conviction petition alleged the guilty plea proceedings showed defendant was acting in a bizarre manner, that he was taking antidepressant medication at the time, that he pleaded guilty because he was mistaken that this course was the only method to obtain psychiatric treatment, and that a *bona fide* doubt existed regarding his competency to plead guilty. The petition, and defendant's affidavit in support thereof, further alleged defendant's psychiatric history and his claim that the day following entry of the plea he attempted suicide by slashing his wrists. Counsel's memorandum in support of the petition suggests that jail records describe this latter incident as defendant's laceration of his right hand which required five stitches.

The record further shows about six weeks prior to entry of the guilty plea, defendant was examined to determine his competency to stand trial. After an interview with defendant at which time the psychiatrist was also informed of a substantial part of defendant's psychiatric history, it was determined that defendant understood the nature of the charges and could cooperate with his counsel. The psychiatric evaluation concluded that defendant was competent to stand trial, although he suffered from a personality disorder.

At the guilty plea proceedings, the trial court thoroughly admonished defendant in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). The transcript of these proceedings indicates defendant informed the court he did not feel well. He was allowed to sit and was given water. The transcript reflects that defendant hesitated and he conferred with his attorney before completing his answers to the court's admonishments. Defendant also expressed fear he had been spiritually condemned for his actions. But the record reflects that responses given by defendant to the court's inquiries were concise and he expressed no doubt concerning the proceedings.

After the court had accepted the guilty pleas, defendant's counsel suggested that defendant be transferred to the penitentiary the following day to begin psychiatric treatment. Defendant then intimated if he had been in his "right mind" he would have sought a jury trial, but he could no longer remain in the county jail awaiting trial. The court queried defense counsel whether defendant's mental condition would allow entry of the pleas. Counsel responded that defendant wanted treatment and counsel would not suggest that defendant was incompetent. Rather

counsel expressed the opinion that defendant knew the nature of the charges and had been able to cooperate in his defense.

Defendant asserts his pleas were not properly accepted because he was induced to enter the pleas by his belief this method was the only way to receive immediate psychiatric treatment. He concludes the record affirmatively shows that his pleas were not knowingly and intelligently made; and alternatively he requests an evidentiary hearing on the matter.

Examination of the record in this case shows defendant's contention is without merit. During the plea admonishments, defendant consistently asserted his understanding of the matters presented, and the plea reflects a knowing choice on defendant's behalf. If defendant was competent to enter a plea of guilty, the mere fact his plea was in part based on his desire to obtain treatment would not render his plea involuntary. In this regard defendant's claim is analogous to those of defendants who claimed their guilty pleas were involuntarily made because they feared imposition of a harsher sentence if they sought trial in the matter. (*E.g.*, see *People v. Thomas* (1972), 51 Ill. 2d 39, 45, 280 N.E.2d 433.) The contention of fear concerning a greater sentence has been rejected, and we believe the same result is proper under the circumstances of the present case.

■■ Defendant's claim that a *bona fide* doubt as to his competency to plead guilty and his claim that a higher standard of competence is necessary to plead guilty than to stand trial may be jointly considered. In *People v. Heral* (1976), 62 Ill. 2d 329, 334, 342 N.E.2d 34, the supreme court stated that the competency standard to plead guilty or stand trial is the same, *i.e.*, defendant must understand the nature of the charge and purpose of the proceedings and be able to assist in his defense (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(a)).

■■ ■ The decision of whether or not a *bona fide* doubt of competency is raised rests initially within the discretion of the trial court. (*People v. Skorusa* (1973), 55 Ill. 2d 577, 582, 304 N.E.2d 630.) Even if defendant, as here, has a sociopathic personality or is affected with psychiatric disturbances, this would not necessarily raise a *bona fide* doubt of competence. (*People v. Heral; People v. Pack* (1976), 34 Ill. App. 3d 894, 897, 341 N.E.2d 4.) The record in the present case does not raise a *bona fide* doubt of defendant's competence to plead guilty.

A psychiatric report compiled several weeks before the entry of the guilty plea reflected defendant's competency. A review of the guilty plea proceedings shows defendant was aware of the nature of the charges and proceedings. He expressed lucid answers to the trial court's admonitions. The record does show defendant and counsel conferred during the course of the proceedings, and defendant made certain comments about retribution for his offenses. However, these actions suggest his anxiety and remorse rather than his incompetence to plead guilty. The record does

not establish a basis requiring an evidentiary hearing, and the trial court properly dismissed the amended post-conviction petition (*People v. Skorusa*).

■■ ■ Finally, defendant's contention relating to the propriety of multiple sentences is properly cognizable in post-conviction proceedings. (*People v. Cox* (1972), 53 Ill. 2d 101, 103, 291 N.E.2d 1.) The factual basis for Indictment 73—635 showed defendant abducted an eight-year-old girl near her school, took her to his apartment and performed a deviate sexual act on her. Multiple convictions for these offenses were proper. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The stipulated facts of Indictment 73—996 show defendant raped his half-sister and then forced her to perform oral copulation on him. Defendant claims convictions for rape and incest are improper and the State agrees with this contention. It is clear both offenses arose from the same act and thus defendant was prejudiced by multiple convictions (*People v. King*).

Accordingly, the judgment of the circuit court of Cook County dismissing the post-conviction petition without an evidentiary hearing is affirmed. Defendant's conviction and sentence for incest imposed on Indictment 73—996 is reversed.

Affirmed in part; reversed in part.

JOHNSON and ROMITI, JJ., concur.