THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY L. LINKOGLE, JR., Defendant-Appellant.

Third District   No. 76-455

Opinion filed October 14, 1977.—Rehearing denied November 15, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of Ottawa, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was initiated by the defendant, Leroy L. Linkogle, Jr., from his conviction on two counts of indecent liberties with a child. Prior to a hearing on the merits, the defendant was found fit to stand trial. Thereafter, the case proceeded to a trial by jury, the jury returning verdicts of guilty on both counts of indecent liberties with a child. The

trial court entered judgments of convictions on both verdicts and, following a presentence report, sentenced the defendant to two concurrent terms of imprisonment of from 15 to 50 years.

As part of the evidence presented during the trial, the State introduced the testimony of the complaining witness, eight-year-old Beth Hurlay, who, after the trial court found her competent to testify, stated that she met the defendant at a swimming pool and went to his house with him. While at his house, the defendant changed his pants because, apparently, he had wet swimming trunks on under his clothing. The witness testified that, when the defendant removed his swimming trunks and put on his underwear, she looked down at the floor. She could not remember anything else happening in the room, but she did remember that, when the defendant carried her from the house, he put one hand between her legs, although he did not do anything with that hand.

At this point in the testimony, the trial court excused the jury and reexamined the witness as to her qualifications to testify. Following the questioning of the witness, the trial court inquired of the State whether the witness' testimony was consistent with her pretrial statements. The prosecutor indicated that her testimony was inconsistent and, the trial court, over a defense objection, made Miss Hurlay a court's witness and permitted her mother to question her. Her mother succeeded in getting the witness to state that, while in the defendant's room, "he was playing with his thing and that is all."

When the jury returned to the courtroom, the State resumed its questioning of the complaining witness. During the State's examination, she testified that the defendant started to "wriggle his thing" while changing his pants. During the examination of Miss Hurlay by the defense, she indicated that the defendant did not force her to go with him from the pool, that she accidentally saw the defendant changing his pants and that the defendant did not ask her to look up.

Winifred Hurlay, the complaining witness' mother, testified that, when she observed her daughter and the defendant together, Beth was upset and crying. Over a defense objection, Mrs. Hurlay was also allowed to testify as to what she thought Beth meant by "wriggle his thing." She stated it meant an up-and-down motion of his penis.

The State's final witness, Marcella Brown, a juvenile officer, informed the jury of the defendant admitting to rubbing his hand between Beth's legs after picking her up. However, she further testified that the defendant had not indicated he played with his penis while dressing. Instead, he explained, he held his penis while adjusting his undershorts, which he had to do twice because he put them on backwards the first time.

At the close of the State's case-in-chief, the defendant moved for a

directed verdict. This motion was denied. Thereafter, the defense indicated it would present no evidence, and again moved for a directed verdict. Again the motion was denied.

■■ Whether the defendant's convictions were against the manifest weight of the evidence is the first issue raised by the defendant. Count I of the indictment charged the defendant with performing an act of "lewd fondling of Beth Hurlay." Although the defendant admitted such a fondling, he now argues that there was not sufficient evidence to corroborate his confession. Although the corpus delicti of an offense, consisting of the fact of injury and the fact of a criminal cause of the injury, cannot be proven solely by the extrajudicial confession of the defendant (*People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743; *People v. Holmes* (1st Dist. 1976), 38 Ill. App. 3d 122, 347 N.E.2d 407), we believe the testimony of Beth that the defendant put his hand between her legs sufficiently corroborated the defendant's admission of a lewd fondling.

The second count alleged that the defendant performed "an act of lewd fondling on himself in the presence of Beth Hurlay." We need not now decide whether the evidence was sufficient to support the conviction of the defendant on count II. A discussion of this issue becomes unnecessary when consideration is given to the issue of whether the trial court erred by allowing Mrs. Hurlay to express her opinion as to what Beth meant by "wriggle his thing."

■■■ As a general rule, testimony as to the witness' opinion is not admissible into evidence. The testimony of the witness must be confined to statements of fact of which the witness has personal knowledge. (See *People v. Rosenbaum* (1921), 299 Ill. 93, 132 N.E. 433.) In some instances, of course, nonexpert opinion evidence is allowed. Nevertheless, a witness may not state his opinion or conclusion concerning an out-of-court statement, but is required to recite the statement as nearly as possible. (*People v. Carter* (1962), 24 Ill. 2d 413, 182 N.E.2d 197; *People v. Steinkraus* (1920), 291 Ill. 2d 283, 126 N.E. 202.) Even more importantly, where the statement has been made in the presence of the jury, a second witness who testifies to what was meant by the first witness is usurping the function of the jury. It is the province of the jury to make inferences from and interpret the statements of the witnesses, having had an opportunity to hear the testimony and observe the demeanor of each witness. As a result, we believe the trial court committed reversible error by allowing Mrs. Hurlay to testify as to what Beth meant when she testified. However, since the acts which are the bases of the charges are distinct and separate and since the evidence of the defendant's guilt as to count I of the indictment is unaffected by the testimony in question, only the judgment of conviction of the defendant based on count II of the indictment will be reversed.

■■ Next, the defendant contends that the victim should not have been allowed to testify because she did not appreciate her moral obligation to tell the truth. It is within the trial court's discretion to determine the competency of the witness and that determination will not be upset by a reviewing court, absent an abuse of discretion. (*People v. Brown* (1972), 52 Ill. 2d 94, 285 N.E.2d 1.) To be a competent witness, the trial court must find the witness has the ability to appreciate the moral duty to tell the truth. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 225 N.E.2d 10.) The defendant contends that, when Beth faltered in her testimony by not answering several questions by the State's Attorney concerning the occurrences in the defendant's room but later remembered the incident and testified to it, she did not appreciate her obligation to tell the truth.

We disagree. The trial court impressed the witness with the need to tell the truth and, from the record, it appears she appreciated her duty to do so. The record also indicates that the hesitancy of the child to answer the questions resulted from a combination of shyness and a misunderstanding that, when the trial court "overruled" a defense objection to the form of the prosecutor's question, "overruled" meant she should not answer the question. For these reasons, we believe the defendant's contention has no merit, and we find that the trial court did not abuse its discretion.

■■ Another issue raised by the defendant is whether the trial court erred in entering two separate judgments and sentencing the defendant on each of the judgments. Although a defendant's single illegal act or transaction can support only one conviction (*People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299), the defendant suggests that the test for determining whether separate offenses arose from a single course of conduct is whether the motivation for one is independent of the other. Recently, however, the Illinois Supreme Court has rejected the independent motivation test. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) As a result, we find that each of these charged acts was separate and distinct, for each of which the defendant may be convicted and sentenced. Therefore, although we have reversed the judgment of conviction based on count II of the indictment, we order the cause remanded for a new trial.

Lastly, the defendant argues that the sentence is excessive. A reviewing court must be cautious in exercising its power to reduce sentences because the trial judge is in a superior position to determine the punishment to be imposed. (*People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) A reduction in sentence will not be granted out of judicial clemency (*People v. Aristole* (1st Dist. 1971), 131 Ill. App. 2d 175, 268 N.E.2d 227), but only where the record shows an abuse of discretion on the part of the trial court. *People v. Cole* (3d Dist. 1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.

■■  The presentence report stated that the defendant has a history of sex related offenses and, on at least two prior occasions, has been placed in State hospitals upon being found a sexually dangerous person. However, it also appears that the trial court in imposing the concurrent sentences, considered both offenses. As a result, we believe the cause should be remanded for resentencing.

Accordingly, the judgment of the Circuit Court of Peoria County is reversed as to the judgment of conviction entered on count II of the indictment brought against the defendant, and that cause is remanded for a new trial. The judgment of conviction entered on count I is affirmed. However, that cause is remanded for resentencing.

Affirmed in part, reversed in part.

STENGEL, P. J., and STOUDER, J., concur.