THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY SCHULTZ, Defendant-Appellant.

Third District   No. 78-143

·Opinion filed July 3, 1979.

Robert Agostinelli and Theodore A. Gottfried, both of State Appellate Defender's Office, and Michael Margolies, law student, both of Ottawa, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On July 24, 1977, Bruce Wood, his wife Ada, and their two children, Tracy (age 5) and Timothy (age 2), were driving to Metamora, Illinois, when they saw a car driven by the defendant, Roy Schultz, an escapee from the Kansas State Penitentiary, run off of the road. The Woods, seeking to render whatever assistance they could to the defendant, pulled over, and Bruce Wood offered to give Schultz a ride. Schultz, however, suddenly drew a gun on Bruce Wood and took control of the Woods' car.

The Woods and Schultz drove for some time, during which Schultz took approximately $100 from Bruce Wood's wallet. Eventually they arrived at the Bloomington Ramada Inn. Schultz obtained a room there, and once inside tied up Bruce Wood. He then made Ada Wood undress and perform fellatio upon him. After forcing her to perform this deviate sexual act, he took Bruce and Timothy Wood into the bathroom. He then made Ada Wood undress Tracy and show her how to perform fellatio upon him. Subsequently, Tracy did perform this act upon Schultz. Afterwards, Schultz made Ada Wood join the two others in the bathroom. Approximately 30 minutes later, Tracy came into the bathroom and stated that the defendant had placed his finger in her vagina. Ada Wood corroborated this when she testified that she did in fact see blood on

Tracy. Later, the defendant again forced Ada Wood to perform fellatio upon him. Eventually, the Woods subdued the defendant and called the police.

Schultz was charged by information with seven counts of aggravated kidnapping, two counts of deviate sexual assault, two counts of indecent liberties with a child, and one count of armed robbery. For the sake of clarity, listed below are the various counts, the particular crime alleged to have been committed by Schultz and the activity performed in each count, the victim in each count and the section of the Illinois Criminal Code that was allegedly violated:

Count I—Aggravated kidnapping—child under 13 (Tracy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(2).

Count II—Aggravated kidnapping—child under 13 (Timothy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(2).

Count III—Aggravated kidnapping—armed with a dangerous weapon (Bruce Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(5).

Count IV—Aggravated kidnapping—armed with a dangerous weapon (Ada Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(5).

Count V—Aggravated kidnapping—armed with a dangerous weapon (Timothy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(5).

Count VI—Aggravated kidnapping—armed with a dangerous weapon (Tracy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(5).

Count VII—Aggravated kidnapping—deviate sexual assault (Ada Wood). Ill. Rev. Stat. 1975, ch. 38, par. 10—2(a)(3).

Count VIII—Deviate sexual assault—oral copulation (Ada Wood). Ill. Rev. Stat. 1975, ch. 38, par. 11—3(a).

Count IX—Deviate sexual assault—oral copulation (Tracy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 11—3(a).

Count X—Indecent liberties with a child—oral copulation (Tracy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(2)

Count XI—Indecent liberties with a child—finger in vagina (Tracy Wood). Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(3).

Count XII—Armed Robbery (Bruce Wood). Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a).

The case was transferred out of McLean County on motion of the defendant. After a jury trial in Will County, the defendant was found guilty on all counts and received concurrent sentences of 50-100 years on counts I-VI; 100-150 years on counts VII and VIII; 150-200 years on counts IX-XI; and 20-40 years on count XII. It is from these convictions that defendant appeals.

The sole issue raised on appeal by the defendant is whether the trial court erred in entering judgment and sentencing defendant on multiple

convictions arising out of a single physical act. The State agrees with the defendant that several of the aforementioned counts, specifically counts I and VI (aggravated kidnapping of Tracy Wood, based upon the fact that she is below the age of 13 (count I), and also based upon the use of a dangerous weapon (count VI)); counts II and V (aggravated kidnapping of Timothy Wood on the same grounds); and counts IX and X (deviate sexual assault and indecent liberties with a child, both based upon the oral copulation of Tracy Wood with the defendant) are duplicative because they arise out of the exact same physical act of the defendant upon a particular victim. The Illinois Supreme Court held in *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, that there can be only one conviction of a crime where multiple counts are founded on a single act of the defendant. (Accord, *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, where the court stated that "[p]rejudice results to the defendant only in those instances where more than one offense is carved from the same physical act.") On the basis of *Lilly* and *King*, we agree that there can be but one conviction based upon counts I and VI, II and V, and IX and X. The State, exercising its prosecutorial discretion, seeks to pursue counts I, II and X, and to cease prosecution of counts VI, V, and IX. The State's decision leaves us with five aggravated kidnapping convictions, one conviction of deviate sexual assault, two convictions of indecent liberties with a child, and one conviction of armed robbery to consider.

■■ We first concern ourselves with the propriety of defendant's convictions on counts I-IV, all aggravated kidnapping counts. It is true that all of these counts arose out of the same physical act of the defendant, *i.e.*, the abduction of the Woods at gunpoint on the highway. However, there are many Illinois cases in which the defendants were found guilty of multiple crimes when the crimes were committed upon different victims, even though all of the crimes were committed in a single act. (*People v. Thomas* (1977), 67 Ill. 2d 388, 367 N.E.2d 1281; *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330; *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731; *People v. Terry* (1976), 38 Ill. App. 3d 517, 347 N.E.2d 869; *People v. Thomas* (1976), 43 Ill. App. 3d 328, 356 N.E.2d 1362.) It is clear from these cases that the convictions on counts I-III, the aggravated kidnappings of Bruce, Timothy, and Tracy Wood, may stand even though committed simultaneously by the same individual defendant because three different victims were involved. As concerns count IV (aggravated kidnapping of Ada Wood, based upon defendant's use of a dangerous weapon), the same might be said. However, the defendant contends that count IV and count VII, the aggravated kidnapping of Ada Wood based upon the subsequent deviate sexual assault, are duplicative and one of these

convictions must be vacated on the grounds of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200; and *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.

In *Cox*, the defendant performed an act of sexual intercourse and then an act involving oral-genital contact upon an eight-year-old girl, for which he was charged by information with two counts of indecent liberties with a child. The first count charged the defendant with an act of intercourse (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(a)(1)), and the second charged the defendant with an act of deviate sexual conduct (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(a)(2)). Defendant pleaded guilty to both counts. On appeal from his conviction, the defendant contended that his actions constituted only one offense and therefore could not support two separate convictions. The court, in vacating the second count, agreed with the defendant and held that where two counts are based upon a single transaction involving a single victim, charging two almost simultaneous acts, each of which acts is enumerated in subsections of the same section of the Criminal Code, only one conviction may stand. Several years later, the Illinois Supreme Court again grappled with the one-act one-crime theory in *King*. In *King*, the court, in rejecting the "independent motivation" test of *People v. Stewart* (1970), 45 Ill. 2d 310, 259 N.E.2d 24, stated that the test to be used in determining the permissibility of multiple convictions and concurrent sentences is as follows: "[W]hen more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." 66 Ill. 2d 551, 566, 363 N.E.2d 838, 845.

Shortly after *King* was handed down, this court decided the case of *People v. Linkogle* (1977), 54 Ill. App. 3d 830, 368 N.E.2d 1075. In *Linkogle*, the defendant was convicted on two counts of indecent liberties with a child (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(3)), the counts arising from the defendant's lewd fondling of both an eight-year-old girl and himself. Even though each of the counts arose from the same subsection of the same section of the Criminal Code, we held on the basis of *King* that "each of these charged acts was separate and distinct, for each of which the defendant may be convicted and sentenced." 54 Ill. App. 3d 830, 834, 368 N.E.2d 1075, 1079.

Finding *King* dispositive of the issues in *Linkogle*, we made no mention of *Cox* in that case. We did, however, rely upon *Cox* in our recent decision of *People v. Jackson* (1978), 64 Ill. App. 3d 159, 380 N.E.2d 1210. In *Jackson*, the defendant was charged with two counts of felony theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)), each count arising from the unlawful possession of different items of property belonging to

two different owners. On the basis of *Cox, King,* and *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, we vacated one of the defendant's convictions on the grounds that his activities constituted one offense. We reached this conclusion after a close examination of *Cox,* and the reasoning of the Illinois Supreme Court in that case. We stated in *Jackson* that the supreme court found only one offense committed by the defendant in *Cox* "because the several acts committed by the defendant in *Cox* were all enumerated in subsections of the same section of the Criminal Code." 64 Ill. App. 3d 159, 160, 380 N.E.2d 1210, 1212.

At first glance, there seems to be an inconsistency between our decision in *Linkogle,* where we found that two acts constituted two offenses even though they were both enumerated in the same subsection of the same section of the Criminal Code, and our decision in *Jackson,* where we interpreted the supreme court's holding in *Cox* that the defendant's two acts constituted one offense to be based upon the fact that both acts fell within the same section of the Criminal Code, albeit in different subsections. Because of the importance that our interpretation of *Cox* and its progeny has on the outcome of the case at bar, it is necessary for us at this time to reexamine *Cox* in an effort to determine if *Linkogle* and *Jackson* can be reconciled.

It remains true, as we said in *Jackson,* that the supreme court's decision in *Cox* was grounded on the fact that the acts committed by the defendant in that case were enumerated in subsections of the same section of the indecent liberties statute (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(a)(1), (2)). However, that is only one of the factors weighed by the supreme court in determining whether the defendant's acts constituted one offense or two offenses. The court, in paraphrasing the defendant's argument in *Cox,* stated: "Petitioner contends that although either act would constitute the offense with indecent liberties with a child, these acts, which occurred *almost simultaneously,* at the same place with the same child, constituted one offense performed in two of the three ways enumerated in the statute defining the crime, and cannot constitute two separate crimes." (Emphasis added.) (53 Ill. 2d 101, 103, 291 N.E.2d 1, 2.) Later, the court, in examining the defendant's sentences, stated they "stemmed from two counts based upon a single transaction, charging two acts almost simultaneous *in time* and involving a single victim, each of which acts was one of the three proscribed by the statute." (Emphasis added.) (53 Ill. 2d 101, 104, 291 N.E.2d 1, 3.) It is clear from a reading of *Cox* that the court placed a great deal of weight on the fact that each of the defendant's acts fell within one section of the Criminal Code. (See *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200; *People v. Jackson* (1978), 64 Ill. App. 3d 159, 380 N.E.2d 1210.) It is equally as clear that the court considered other factors in reaching its decision that only

one offense had been committed, *i.e.*, time interval between acts, the location of these acts, and the identity of the victims involved. (See *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200; *People v. Short* (1978), 62 Ill. App. 3d 733, 379 N.E.2d 360; *People v. Tate* (1976), 37 Ill. App. 3d 358, 346 N.E.2d 79.) In *Tate*, the defendant performed two deviate sexual acts upon his victim. In holding that these two acts were one offense under *Cox*, the court not only pointed out that the defendant's act represented the two ways in which the crime of deviate sexual assault could be committed, but also stated "[a]s the multiple charges in this case clearly arose from a single transaction—there being a single victim, a single location, and a single time frame, * * *—we are constrained to hold defendant's acts constituted a single offense * * *." (37 Ill. App. 3d 358, 361, 346 N.E.2d 79, 82.) Indeed, the time-frame factor was held to be dispositive in *People v. Childs* (1978), 62 Ill. App. 3d 924, 379 N.E.2d 721. In *Childs*, the defendant shot his victim three times, each shooting separated by a short time interval. The defendant was subsequently found guilty in the trial court of attempt murder, armed robbery, and three counts of aggravated battery. The appellate court rejected his contention that he could not be convicted of aggravated battery because those convictions arose from the same acts which led to the attempt murder conviction. The court stated: "Each of the three shootings was separated by an interval during which the defendant performed other tasks related to his criminal objective. * * *. Each shooting constituted an offense which was clearly divisible from the others. [Citation.]" 62 Ill. App. 3d 924, 926, 379 N.E.2d 721, 723.

From the foregoing it is clear that *Cox* and the cases that have subsequently discussed it have considered many factors in determining whether a defendant may receive concurrent sentences for multiple convictions including, but not limited to, the fact that the acts for which he is charged are enumerated within the same section of the Criminal Code. If, after an examination of several factors—time interval between acts; identity of the victim; location of the acts; *and* whether or not those acts fall within the same section of the Criminal Code—it is obvious that the defendant has committed several acts which give rise to more than one offense, none of which are lesser included offenses, then multiple convictions are proper under *King*. *Linkogle* and *Jackson* can thus be reconciled because acts which are enumerated in the same section of the Criminal Code, depending upon the existence of the other facts mentioned above, may (as in *Linkogle*) or may not (as in *Jackson*) support multiple convictions.

■■ In light of this analysis, we now examine the propriety of the defendant's conviction on count IV (aggravated kidnapping of Ada Wood while armed with a dangerous weapon) and count VII (aggravated

kidnapping of Ada Wood based upon the subsequent deviate sexual assault). It is obvious that both counts encompass acts performed upon the same victim, and both acts are enumerated within the same section of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 10—2). However, the acts upon which each count is based were not simultaneous (as were the crimes in *Jackson, Manning,* and *Tate*), nor almost simultaneous (as in *Cox*), but rather were separated by a lengthy time interval. In addition, the acts took place at different locations. The act giving rise to count IV occurred when Ada Wood was abducted along with the rest of her family on the highway. The act giving rise to count VII, the deviate sexual act which the defendant forced Ada Wood to perform upon him, took place in the motel room in Bloomington some time afterwards.

Taking all of this into consideration, we fail to see the merit in defendant's argument that his convictions on either count IV or count VII must be vacated because they arose from a single physical act. It is clear to us that the kidnapping of Ada Wood with a dangerous weapon, and the subsequent deviate sexual assault upon her giving rise to a second count of aggravated kidnapping, which occurred some time after the original abduction and at a different location, were not part of the same transaction but were two distinct acts which justify multiple kidnapping convictions under *King.* As a result, we disagree with the decision reached in *People v. Armstrong* (1976), 43 Ill. App. 3d 586, 357 N.E.2d 84, insofar as that case says that multiple felonies cannot support two aggravated kidnapping convictions because the kidnapping is continuous and its character unchanged. We are persuaded in this regard by the recent decision of the Indiana Supreme Court in *Pruitt v. State* (1978), ___ Ind. ___, 382 N.E.2d 150. In *Pruitt*, the defendant was convicted of kidnapping, commission of a rape while armed, and inflicting injury while in the commission of a robbery. We find the following passage from that case applicable to the case at bar:

"Appellant also argues that it was error to impose sentences for all three crimes because they all 'arose from the same criminal activity; that is, the time, place, manner and continuous event, rather than arising from different criminal activities.' The test for determining whether or not separate sentences may be imposed upon multiple counts is whether the offenses charged are them- selves the same, not whether they all arose from the same criminal act or course of conduct. *Elmore v. State,* (1978) Ind., 382 N.E.2d 893. The position advanced by appellant has been called the 'same transaction' or 'single frolic' concept and has been almost universally rejected by those courts which have considered it. For example:

'One of the theses underlying the "single frolic" notion is

that the criminal episode is "indivisible." The short answer to that is that to the victims, the criminal conduct is readily divisible and intensely personal; each offense is an offense against *a person.* For me it demeans the dignity of the human personality and individuality to talk of "a single transaction" in the context of six separate assaults on six individuals'. *Ashe v. Swenson,* (1970) 397 U.S. 436, 468-69, 90 S. Ct. 1189, 1207, 25 L. Ed. 2d 469, 489. (Burger, C. J., dissenting) (emphasis in original). *We think it is equally demeaning to human dignity to speak of a single transaction consisting of separate assaults upon a single victim. To her, the kidnapping, rape, robbery and injuries are readily distinguishable.* As none of the offenses with which appellant was convicted were a lesser included offense of the others, and *each required proof of additional facts which the others did not,* it was entirely appropriate to impose sentences upon each. *Elmore, supra.* There is no error here." (Emphasis added.) ___ Ind. at ___, 382 N.E.2d 150, 153-54.

For these reasons, we hold that the convictions on both counts IV and VII were proper.

Similarly, we hold that counts X (indecent liberties with a child, based upon the victim's oral copulation with the defendant) and XI (indecent liberties with a child, based upon the insertion of defendant's finger into the victim's vagina) may stand. The lack of any evidence that the two acts giving rise to these counts were simultaneous or almost simultaneous differentiates this case from *Cox, Manning, Jackson* and *Tate.* On the basis of our prior decision in *Linkogle,* we are convinced that each act of the defendant constituted a separate offense which may support a separate conviction.

■■ The defendant further contends that count VII, the aggravated kidnapping of Ada Wood based upon the deviate sexual assault, and count VIII, the deviate sexual assault, arose from the same physical act and thus one of the counts must be vacated.[1] We believe both of these convictions may stand on the basis of *People v. Elliott* (1975), 32 Ill. App. 3d 654, 336 N.E.2d 146. In *Elliott,* the defendant was found guilty of aggravated kidnapping and deviate sexual assault. The court, following *People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133, upheld both convictions. We later cited *Elliott* approvingly in *People v. Neal* (1976), 37 Ill. App. 3d 713, 346 N.E.2d 178, and accepted the reasoning of *Canale* as opposed to that of *People v. Sims* (1974), 20 Ill. App. 3d 1068, 313 N.E.2d 663, where the court held that the kidnapping of a victim was

---

[1] We note that the record indicates there were two distinct deviate sexual assaults performed upon Ada Wood, separated by a lengthy time interval. The defendant was charged with only one count of deviate sexual assault.

committed for the purpose of later committing a rape and thus the lesser offense of kidnapping could not stand. We note here that insofar as the *Sims* decision rests upon an examination of the defendant's criminal objective (thus necessarily involving the use of the "independent motivation" test rejected in *King*), its precedential value is highly questionable. In a case decided after *King, People v. Cyburt* (1978), 50 Ill. App. 3d 414, 365 N.E.2d 1004, the court relied upon *Cox* and *King* to uphold convictions for aggravated kidnapping and indecent liberties with a child. Although *Elliott* is not cited in *Cyburt*, we believe the *Cyburt* holding confirms our belief in the correctness of the *Elliott* decision.

Two remaining matters may be easily dispensed with. First, there is no merit in the argument (indeed, defendant makes no argument along these lines) that the deviate sexual assault upon Ada Wood is a lesser included offense of the aggravated kidnapping based on that assault, and thus conviction for the former is barred by *King*. In *People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408, 415, the court, relying upon *King*, rejected the defendant's argument that rape and aggravated kidnapping offenses arose out of one act, and further stated: "It follows that the offenses of rape and aggravated kidnapping arose from a series of incidental or closely related acts and are not lesser included offenses." (Accord, *People v. Graham* (1978), 60 Ill. App. 3d 1034, 377 N.E.2d 179; *People v. Miller* (1978), 58 Ill. App. 3d 1019, 374 N.E.2d 1118; *People v. Jones* (1977), 53 Ill. App. 3d 197, 368 N.E.2d 452; *People v. Richardson* (1977), 50 Ill. App. 3d 550, 365 N.E.2d 603.) Similarly, the offense of deviate sexual assault is not a lesser included offense of the aggravated kidnapping. Secondly, and lastly, on the basis of *King* and *Cox*, there can be no doubt that the armed robbery conviction is a separate offense for which a separate conviction was properly entered.

On the basis of the foregoing, counts VI, V, and IX are hereby vacated, and counts I, II, III, IV, VII, VIII, X, XI, and XII are affirmed.

Judgment affirmed in part and vacated in part.

STOUDER, P. J., and ALLOY, J., concur.