THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE L. GRIMES, Defendant-Appellant.

Fourth District   No. 4—90—0711

Opinion filed June 18, 1991.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Roger Simpson, State's Attorney, of Monticello (Leonard R. Rumery, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On June 25, 1990, defendant Wayne Grimes pleaded guilty in the circuit court of Piatt County to committing four counts of aggravated criminal sexual abuse. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16.) He subsequently was sentenced to four concurrent four-year prison sentences. Defendant now appeals, seeking to have one conviction vacated. We affirm.

Defendant was originally charged with 12 counts of misconduct involving two minors. On June 25, 1990, he pleaded guilty to four counts and the others were dismissed. Only two of those counts are involved in the present controversy. In one count, it was alleged that on January 14, 1990, defendant committed an act of sexual conduct with T.M., who was under 13 years of age at the time, in that he knowingly fondled her vagina. In the other, it was alleged that on the same date he committed another act of sexual conduct in that he fondled T.M.'s breasts. The factual basis presented to the court established that on January 14, 1990, defendant told T.M. he would like to speak to her upstairs. T.M. went up to a bedroom, where they sat on the bed and talked. Defendant began rubbing her vagina on the outside of her clothes. He then moved his hands up in her shirt and fondled her breasts.

It is defendant's contention that only one conviction should arise out of these two counts because they are based on the same conduct. He notes that factors to be considered in determining whether there was one offense or several include the time interval between the alleged act, the identity of the victim, the location of the alleged act, and whether the alleged acts fall within the same section of the Crimi-

nal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 1—1 *et seq.*). (See *People v. Schultz* (1979), 73 Ill. App. 3d 379, 385, 392 N.E.2d 322, 327.) He believes that in applying this analysis only one conviction can be carved out of these two offenses. However, defendant's reliance is misplaced because *Schultz* relies a great deal on *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, from which, our supreme court has indicated, it has departed.

■■ In *People v. Segara* (1988), 126 Ill. 2d 70, 533 N.E.2d 802, the court once again visited the question of when multiple convictions may be entered from a course of conduct. That case dealt with a situation in which a defendant sexually assaulted a victim vaginally and orally. In addressing whether one or two convictions for this conduct is proper, the court observed that it must reevaluate its holdings in this area and determine the court's direction. The court first commented on its decision in *Cox*. However, it then observed, "[T]his court dealt again with the issue in *People v. King* (1977), 66 Ill. 2d 551, [363 N.E.2d 838,] and departed from the strict interpretation announced in *Cox* ***." (*Segara*, 126 Ill. 2d at 75, 533 N.E.2d at 804.) The court then quoted the following passage from *King*, adding emphasis as shown:

> " 'Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. *Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts.* "Act," when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered.' " *Segara*, 126 Ill. 2d at 75-76, 533 N.E.2d at 804-05, quoting *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

The court then reviewed its subsequent opinions on the question and concluded:

> "In view of the various decisions, this court concludes that the trend reveals that:
>
> > '[I]f a defendant commits more than one criminal act in an episode or transaction, he may be prosecuted for more than

one offense unless the charges involve precisely the same physical act. If the physical acts are distinct, the defendant can be convicted of both, but only concurrent sentences can be imposed. If exactly the same physical act does form the basis for more than one offense, a defendant may still be prosecuted for each offense, but only one conviction and sentence may be imposed.' Eisenberg, *Multiple Punishments for the 'Same Offense' in Illinois*, 11 S. Ill. U. L.J. 217, 236-37 (1987)." (*Segara*, 126 Ill. 2d at 76-77, 533 N.E.2d at 805.) Accordingly, the court held that two convictions with concurrent sentences were appropriate.

■ Applying this analysis to the present case, we believe two offenses occurred. Admittedly, the acts occurred in close proximity time wise. However, the supreme court has indicated that if two "distinct acts" occur, then multiple convictions with concurrent sentences can be entered. It is only when precisely the *same* physical act is involved that only one conviction can be entered. Here, one count involved the fondling of the vagina on the outside of the clothes and one involved the fondling of breasts under a shirt. These are obviously not precisely the same physical act. Just as multiple distinct sexual penetrations during one incident will support multiple aggravated criminal sexual assault convictions (see *Segara*, 126 Ill. 2d at 77-78, 533 N.E.2d at 805-06), we believe multiple distinct sexual conducts or fondlings will support multiple aggravated criminal sexual abuse convictions.

For the above-stated reasons, defendant's convictions on all four counts of aggravated criminal sexual abuse and the resulting four concurrent prison sentences are affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.