THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HASTING, Defendant-Appellant.

Third District   No. 77-262

Opinion filed February 3, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

After a jury trial in the Circuit Court of Warren County, defendant William Hastings was convicted of unlawful delivery of from 30 to 500 grams of cannabis and sentenced to a term of 1½ to 4½ years in prison. (Ill. Rev. Stat. 1975, ch. 56½, par. 705(d).) On appeal defendant contends the prosecutor's comment on his failure to testify violated his right against self-incrimination and deprived him of a fair trial.

At trial the State presented three witnesses. William Trowbridge, an undercover agent of the Multi-County Narcotics Enforcement Group, testified that on the evening of June 11, 1976, he purchased from defendant a quantity of cannabis, later determined to be 40.8 grams. The witness stated the purchase took place at approximately 11:15 p.m. in front of a Monmouth, Illinois, restaurant. The cannabis was admitted into evidence. Gary Higbee, a Warren County sheriff's detective, testified that he served the arrest warrant on defendant who admitted making the sale and offered to "deal" with the police. Larry White, a Monmouth police officer, stated that he interrogated the defendant on October 25, 1976. According to the officer's testimony defendant orally admitted making the sale, but refused to give a written confession. The sole defense witness was defendant's aunt who testified that defendant lived with her and her husband in Peoria during the summer of 1976. She did not recall defendant leaving home on the evening of June 11.

During closing argument, defense counsel claimed the State had clearly failed to meet its burden of proof and further stated:

> "Why should we subject Bill Hastings to some scathing cross examination by some skillful prosecutor. * * * He knows nothing of this case, and that is why he didn't testify."

In rebuttal the prosecutor replied to defense counsel's remarks by saying, "I suggest to you that there is another reason that Mr. Clark [defense counsel] has which he hasn't shared with all of us in this courtroom." Defendant objected to the comment and the court advised the prosecutor to go no further on the point. In this appeal defendant contends that the prosecutor's remark constituted reversible error, being intended to focus

the jury's attention on defendant's exercise of his constitutional right to remain silent.

We first note the State's contention that defendant waived consideration of any issue regarding the prosecution's closing argument by failing to file a timely post-trial motion. Defendant's motion for a new trial, which cited the prosecutor's closing argument as error, was not filed until nearly three months after the jury returned its verdict and one month after defendant was sentenced. The motion was never called for hearing or ruled upon.

■■ Section 116—1(b) of our Code of Criminal Procedure of 1963 requires a defendant to file written post-trial motions within 30 days after the return of a verdict. (Ill. Rev. Stat. 1975, ch. 38, par. 116—1(b).) Failure to raise an issue in a written post-trial motion constitutes waiver of that issue for purposes of appeal (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856), and failure of a defendant to file any post-trial motion constitutes waiver of all errors raised on appeal. (*People v. Hammond* (5th Dist. 1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361.) Defendant concedes that his post-trial motion was not timely but suggests that we reject the rule announced in *Hammond*, and consider on appeal all issues that were raised during trial. Although we agree with the State that all errors can be waived in a suitable case, we need not decide whether such a waiver occurred here because we find there was no error to waive.

Defendant contends that comments made by the prosecutor during rebuttal closing argument violated both his constitutional and statutory rights to remain silent as found in the fifth amendment to the United States Constitution and in section 6 of Division XIII of the Criminal Code of 1874, and that the prejudice to defendant was not cured when his objection was sustained. Section 6 provides in pertinent part:

"[A] defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." Ill. Rev. Stat. 1975, ch. 38, par. 155—1.

■■ While a prosecutor normally may not comment on an accused's failure to testify, such comment may be proper when that area has been opened to fair comment by the accused's first directing the jury's attention to it himself. *People v. Bolton* (3d Dist. 1976), 35 Ill. App. 3d 965, 343 N.E.2d 190; *People v. Conner* (1st Dist. 1976), 42 Ill. App. 3d 234, 355 N.E.2d 662; *People v. Carruthers* (1st Dist. 1974), 18 Ill. App. 3d 255, 309 N.E.2d 659.

■■ The prosecutor's comments in the present case were clearly in response to arguments previously made by defense counsel. In his closing statement defense counsel argued that defendant did not testify because

he did not want to be subjected to the prosecutor's scathing cross-examination concerning a case about which he knew nothing. Defense counsel further stated that the State had so failed to meet its burden of proof as to make defendant's testimony unnecessary. The prosecutor's insinuating suggestion that there might be another reason for defendant's failure to testify was responsive to these previous suggestions made by defense counsel. The complained of comment was prefaced by a reiteration of the arguments previously made in defendant's closing argument. Moreover, the prosecutor's comment did not exceed proper bounds. It was limited to that necessary to effectively counter defense counsel's earlier arguments. (*People v. Mostert* (3d Dist. 1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.) We do not believe the prosecutor's comment was improper nor do we believe defendant was denied a fair trial because of it. We agree with earlier cases holding that:

> "Where the prosecutor's remarks concerning defendant's failure to testify are in the form of a response to defense counsel's comments in closing argument, 'defendant may not predicate error on a response by the prosecutor which he himself provoked.' *People v. Carruthers* (1974), 18 Ill. App. 3d 255, 267, 309 N.E.2d 659, 668." *People v. Conner* (1st Dist. 1976), 42 Ill. App. 3d 234, 239, 355 N.E.2d 659, 666.

For the foregoing reasons the judgment of the Circuit Court of Warren County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.