THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DWIGHT MATTHEWS, Defendant-Appellant.

Third District   No. 77-519

Opinion filed February 28, 1979.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

A jury in the Circuit Court of Peoria County found defendant guilty of rape and aggravated kidnapping. He was sentenced to concurrent terms of 30 to 90 years in prison on the rape conviction and 25 to 50 years on the aggravated kidnapping conviction.

The nature of the issues on appeal permits us to omit a detailed account of this sordid case. The evidence was sufficient to prove that the defendant picked up the nine-year-old prosecutrix near her home, drove her to a rural area, forcibly raped her and abandoned her on a country road.

Defendant contends he was denied a fair trial as a result of certain comments made by the prosecutor in his rebuttal closing argument. The following is the specific portion of the prosecutor's argument to which defendant objects:

> "Mr. Lally, [defense counsel] started out by telling you about this presumption of innocence that we were talking about while you were being selected. And it is certainly true that the law says that you are to go through the trial with the presumption of innocence, and you should retain that attitude up through that point. But once you walk into that Jury room you no longer have that responsibility. That mantle of protection which the Court places upon his shoulders up until this point in time, that mantle of the presumption of innocence, once you get into that Jury room you no longer have to leave that mantle about his shoulders. You have the right to take it off. And, of course, that's what we're asking you to do."

Defendant claims that through these comments the prosecutor incorrectly advised the jury that the defendant was not entitled to the presumption of innocence during jury deliberations. Defendant suggests that this misinformation may have induced the jury to shift the burden of proof to the defendant, thus denying him a fair trial. We are asked to reverse defendant's convictions. We decline to do so for several reasons.

■■ ■ First, we doubt that the prosecutor's comments actually misinformed the jury in regard to the presumption of innocence. Although it is true that a defendant is entitled to the presumption of innocence at all stages of a trial (*People v. Long* (1950), 407 Ill. 210, 95 N.E.2d 461), it is also true that a jury may conclude that the presumption of innocence has been rebutted by evidence proving the defendant guilty beyond a reasonable doubt. We construe the statement of the prosecutor in this case as nothing more than an explanation to the jury of its right to find the defendant guilty. Defense counsel, in his closing argument to the jury, made comments very similar to those of the prosecutor.

> "I would remind you, and I may be in error on this, but I think that

some of you might not have fully understood the concept of the presumption of innocence, and I should like to remind you that that presumption of innocence, was to have been in your mind at that time, throughout the entire trial, *and right now and until you get in there and work among yourselves.*" (Emphasis added.)

In fact, defense counsel's statements quite obviously induced the prosecutor's allegedly objectionable reply. Where defense counsel invites or provokes a response from the prosecutor, defendant is precluded from complaining that he was prejudiced by that response. *People v. Hasting* (3d Dist. 1978), 56 Ill. App. 3d 724, 372 N.E.2d 702; *People v. Coleman* (1st Dist. 1977), 51 Ill. App. 3d 499, 366 N.E.2d 1026.

In any event, we are convinced that the prosecutor's comments did not constitute a material factor in defendant's conviction or result in substantial prejudice to him. (*People v. Franklin* (1st Dist. 1976), 42 Ill. App. 3d 408, 355 N.E.2d 634.) Evidence introduced at trial included identification of the defendant by the prosecutrix and other witnesses and scientific evidence linking him to the crimes. The prosecutor did not repeat or emphasize the purportedly prejudicial aspects of his closing argument.

■ Defendant's reliance on *Taylor v. Kentucky* (1978), 436 U.S. 478, 56 L. Ed. 2d 468, 98 S. Ct. 1930, is misplaced. The Supreme Court's decision in that case was based on the trial court's refusal to instruct the jury on the defendant's entitlement to a presumption of innocence. In the case at bar the court properly instructed the jury on the presumption of innocence. Furthermore, defendant in the instant case waived any objection to the allegedly improper remarks of the prosecutor by failing to object at the time the remarks were made. *People v. Skorusa* (1973), 55 Ill. 2d 577, 304 N.E.2d 630.

Defendant also contends that the sentences imposed upon him by the trial court are excessive, and he asks us to reduce them. We will not do so.

"The imposition of a sentence is a matter of judicial discretion and the sentence imposed by a trial court should not be changed by a reviewing court unless it is apparent that the judge abused his discretion." (*People v. Thomas* (3d Dist. 1976), 38 Ill. App. 3d 689, 348 N.E.2d 285, 288.)

In determining whether a more than minimum sentence should be imposed on a defendant the trial court is to consider the nature and circumstances of the offense and the history and character of the defendant. Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1.

The defendant in this case kidnapped and forcibly raped a nine-year-old girl. Defendant concedes that the age of the victim alone justifies a more than minimum sentence. During the course of the rape the defendant choked the girl and threatened to beat her if she did not keep

quiet. He left her bleeding and alone on a country road far from her home. Defendant urges us to consider the lack of permanent physical injury to the victim. However, the probability of permanent psychological harm to the victim must also be considered. The circumstances of the offense clearly justify a more than minimum sentence.

Defendant's history includes a juvenile adjudication of delinquency and a 1969 Federal conviction for interstate transportation of a stolen vehicle. Defendant was sentenced to a four-year prison term for the Federal offense and was declared an escapee from the work release center where he was placed for two of those years. Although defendant had no prior record of sex or violent crimes, a clinical psychologist's presentence report indicated defendant's rehabilitative potential was "unimpressive." Defendant notes his strongly supportive family relationships. The record indicates the trial court properly considered this factor before imposing sentence on defendant.

The sentence imposed in this case is within the statutory limits prescribed for such offenses (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1). It is well established that where the sentence imposed is within statutory limits a court of review should not disturb that sentence unless it is greatly at variance with the purpose and spirit of the law. (*People v. Short* (3d Dist. 1978), 62 Ill. App. 3d 733, 379 N.E.2d 360.) A court of review must accord due deference to the trial court's superior opportunity to evaluate a defendant's credibility, demeanor, general moral character, mentality, social environment and habits. (*People v. Phillips* (3d Dist. 1978), 58 Ill. App. 3d 109, 373 N.E.2d 1072.) "It is not a matter of what disposition would have been made by this court, if we had been sitting as trial judges, but whether the action of the trial court requires our intervention to reduce the minimum sentence." (*People v. Harris* (3d Dist. 1976), 40 Ill. App. 3d 204, 351 N.E.2d 890, 893.) We see no reason to intervene in this case.

For the foregoing reasons, we affirm defendant's conviction and the sentence imposed upon him.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.