THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD E. CORDER, JR., Defendant-Appellant.

Third District   No. 3—90—0298

Opinion filed April 15, 1991.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Elizabeth A. Klug, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

Following a jury trial the defendant, Richard E. Corder, Jr., was convicted of aggravated battery and unlawful use of weapons by a felon (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(a), 24—1.1(a)). He was subsequently sentenced to concurrent terms of three years' imprisonment. He appeals, and we affirm.

On appeal, the defendant first argues that his conviction for unlawful use of weapons by a felon should be reversed. Specifically, he contends that where the basis for the grand jury charge was a 1974 felony conviction but the basis relied upon at trial was a 1984 felony conviction, error occurred.

The record shows that the bill of indictment charged the defendant with unlawful use of weapons by a felon in that "he knowingly possessed on or about his person or on his land or in his own abode or fixed place of business a firearm and ammunition having been previously convicted of a felony under the laws of the State." The defendant does not contest the fact that he had a gun in his possession when he shot the victim in the hand. Further, the evidence presented at the grand jury proceeding showed that the defendant had been convicted of aggravated battery in 1978. At trial, however, the evidence presented showed that the defendant had been convicted of unlawful possession of a controlled substance in 1984.

■ We note that the defendant has cited no case law to support his proposition that the grand jury and the trial jury must hear evidence of the same prior felony in order for an unlawful use of weapons conviction to stand. Here, the indictment did not specify a particular conviction that would be used to prove the State's case. Instead, it merely stated that the defendant had been previously convicted of a felony. As such, we find that the State was not required to use the same prior conviction at trial that it used before the grand jury.

We also note that the defendant has not alleged that he was prejudiced by the use of different felony convictions. Further, the evidence would not support such an allegation, since the defendant was supplied in discovery with the State's evidence regarding these convictions. Finally, the defendant was obviously aware that he had prior

felony convictions. We therefore find that the defendant's conviction for unlawful use of weapons was proper.

The defendant next argues that he was denied his right to a fair trial when the prosecutor made statements that defined the concept of reasonable doubt and made statements that focused the jury's attention on the defendant's failure to testify.

The record regarding the defendant's reasonable doubt argument shows that defense counsel stated the following in his closing argument: "It is the burden of the State to prove beyond a reasonable doubt the guilt, not possibility, not more likely, not probably, but beyond a reasonable doubt." The State, in its rebuttal, basically repeated defense counsel's statement.

■■ Where defense counsel invites or provokes a response from the prosecutor, the defendant is precluded from complaining that he was prejudiced by that response. (*People v. Matthews* (1979), 69 Ill. App. 3d 65, 387 N.E.2d 10.) In the case at hand, we find that the defendant invited the alleged error he now complains about. As such, we find that he is precluded from raising this issue on appeal.

Regarding the defendant's argument that the State improperly commented on his failure to testify, the record shows that the comments were proper. The defendant called three witnesses in his own behalf. In addition, defense counsel vigorously cross-examined all of the State's witnesses, including the victim. However, while some evidence was introduced regarding the credibility of the State's witnesses, no evidence was produced that contradicted the victim's testimony as to what had happened. In his closing arguments, the State's Attorney twice commented that there had been no evidence presented to controvert the victim's testimony.

■■ The prosecutor is allowed a great deal of latitude during closing arguments. (*People v. Smith* (1988), 165 Ill. App. 3d 905, 520 N.E.2d 841.) In determining whether the defendant's right to remain silent has been violated, the reviewing court must look to whether the prosecutor's challenged statements were intended to direct the jury's attention to the defendant's failure to testify. (*People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.) A prosecutor may comment on the uncontroverted nature of the evidence even though the defendant may be the only person who could have contradicted the evidence. (*Smith* (1988), 165 Ill. App. 3d at 913, 520 N.E.2d at 845.) The character and scope of argument to the jury are left largely to the trial court, and the reviewing court must indulge in every reasonable presumption that the trial judge properly exercised the discretion vested in him. *Smith* (1988), 165 Ill. App. 3d at 913, 520 N.E.2d at 846.

■ Here, we find that the trial court did not abuse its discretion in allowing the complained-of remarks. Rather, the prosecutor's comments were proper references to the uncontroverted nature of the State's evidence. The prosecutor merely stated that there was a lack of defense testimony to contradict the victim's statements, not that there was a lack of testimony from the defendant personally.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.