The People of the State of Illinois, Plaintiff-Appellee, *v.* Horace Brown, Defendant-Appellant.

(No. 71-105;

Fifth District—June 2, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On April 13, 1971, defendant Horace Brown pled guilty to two counts of armed robbery. The crimes occurred within minutes of each other; the weapon used was a shotgun. Defendant, who was 19 years of age at

the time and had no prior convictions, was sentenced to two concurrent terms of two to four years imprisonment.

■■ The minimum sentence in effect for armed robbery at that time was two years imprisonment. (Ill. Rev. Stat., ch. 38, par. 18—2.) (Amended by P.A. 77—1233, Section 1, effective August 24, 1971—raising the minimum to five years.) The defendant argues that the maximum sentence of four years should be reduced to two years and a day. This court has often expounded and applied the principles involved in sentencing. (See, *e.g., People v. Lillie* (5th Dist. 1967), 79 Ill.App.2d 174, 223 N.E.2d 716; *People v. Moore* (5th Dist. 1971), 272 N.E.2d 270.) In *People v. Lillie, supra,* we said:

"Adequacy of the punishment should determine the minimum sentence with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation." 223 N.E.2d at 719. "It is also true that the courts, by exercise of the power to fix minimum and maximum punishments within the limits provided by the Criminal Code, share with the parole authorities a responsibility for appropriate and effective implementation of the penal statutes." 223 N.E.2d at 718.

■■ The process of rehabilitation is aided under a sentencing procedure that gives discretion to the parole authorities. The minimum sentence imposed was the absolute minimum permitted by statute. Moreover, the trial judge sentenced the defendant to concurrent terms for the *two* robberies to which he pled guilty. The indeterminate sentence ordered by the trial court gives the parole authorities discretion as to the length of time the defendant would be required to serve beyond the minimum, depending upon his efforts toward rehabilitation. Defendant's request that the maximum sentence be reduced to two years and one day must be rejected because in the circumstances of this case there is no reason to contravene the basic principles of indeterminate sentencing.

Judgment affirmed.

CREBS and EBERSPACHER, JJ., concur.