THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MACK T. COLE, Defendant-Appellant.

(No. 74-10;

Third District—November 22, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (Richard F. Doerr, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Mack T. Cole, pleaded guilty to a charge of voluntary manslaughter on June 14, 1971, and was thereupon sentenced to a term of 12 to 20 years. He seeks review of the sentencing order in this court.

On a previous appeal in this court, his prior sentence was vacated and the case was remanded to the Circuit Court of Rock Island County for a new sentencing hearing (*People v. Cole*, 12 Ill.App.3d 1003, 299 N.E.2d 394 (3rd Dist. 1973)). On November 16, 1973, after the mandated sentencing hearing, the trial court imposed a sentence of not less than 6 years and 8 months nor more than 20 years. Cole had originally pleaded guilty to voluntary manslaughter and the sentence was one which followed a negotiated plea. The State's Attorney had recommended a sentence of 12 to 20 years.

On this appeal, defendant directs the court's attention to the fact that voluntary manslaughter is a Class 2 felony for which "the minimum term shall be one year unless the court, having regard to the nature and circumstance of the offense and the history and character of defendant, sets a higher minimum term * * *." (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) It is contended by defendant that the "nature and circumstance of the offense and the history and character of defendant" (as shown by the evidence) did not justify the imposition of the 6 year 8 month minimum term. Our attention was directed to the fact that since 20 years is the highest possible maximum term for a Class 2 felony and the minimum may not exceed one-third of the maximum, the minimum term actually imposed by the trial court in this case was the highest authorized by the legislature. The sentence was, however, within the authorized range provided by statute, and the issue is whether the court abused its discretion in imposing sentence.

Defendant had pleaded guilty to the killing of his wife. He was in-

dicted for murder and pleaded guilty on the plea agreement to the lesser included offense of voluntary manslaughter. Defendant claimed that he had been spending some $200 a week to support his wife's drug habit while trying to rid her of this problem. The wife had finally moved out of the family home. A few days after she moved out, Cole went to his house to get $800 he had set aside for house payments. He found the home ransacked and the money missing. He went to see some friends (narcotics contacts) of his wife and she came to the place some minutes later. After an argument he got the money back from her, but as he went back to his car, he said someone shouted a warning and he turned to see what he thought was a gun in his wife's hand. He drew a gun of his own and shot her twice. Police reports had indicated that Cole had gone after his wife as soon as she arrived, shooting her twice at first and then reloading his gun and shooting her twice more while she was lying on the ground. No weapon was found in the victim's possession. Either of the versions told by defendant or the police could be compatible with the crime of voluntary manslaughter by reason of passion or provocation. It is clear, also, that Cole went to the police station within an hour after the incident. Both parties agree that the victim was shot four times.

Defendant cites the case of *People v. Mize,* 9 Ill.App.3d 647, 292 N.E.2d 731, as the type of case to justify the minimum sentence. In that case defendant was convicted of voluntary manslaughter following the killing of the victim during a fight. Defendant then ran over the corpse twice with his car, stripped the body, and threw it in a field. It is true that no such aggravating conduct exists in the present case, although the victim was shot four times.

It has been directed to our attention that as far as the "history and character" of defendant is concerned, the record shows that he was married for over 10 years, had two children by adoption and had been steadily and gainfully employed in his years living in Rock Island. He owned a restaurant and often worked two jobs at the same time by reason of which he earned $300 to $400 a week. His prior record consisted only of one conviction for breach of the peace in 1958, for which he paid a $50 fine. Witnesses at the hearing testified to his good reputation and charitable works in the community.

The trial court also considered a presentence report filed by a probation officer. While such reports are often extremely helpful and their use is specifically authorized by the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(a)(2)), the record here shows nothing in the report on which the court could heavily rely for the purpose of supporting the increased sentence other than the nature of the crime itself. There is an assertion in the report that defendant had a violent temper

but no factual basis for this conclusion was shown. There was a report also of an arrest for assault with a deadly weapon but the charge was dropped. In essence, defendant had no criminal record other than the breach of peace violation. The probation officer, who referred to some "hostility" in the community toward defendant, admitted he had no idea such hostility actually existed and the extent to which it might run.

While information contained in presentence reports must necessarily consist in part of hearsay, and other normally inadmissible evidence, we believe that the statutory authorization of the reports does not mean that the trial court must give great weight to the contents of the report.

■■ In taking into consideration the nature and circumstances of the offense and the history and character of defendant as shown by the record, we believe that the trial court exercised its discretion properly. At a court of review, we cannot substitute our judgment for that of the trial court in imposing sentence unless there has been an abuse of discretion or unless the sentence is clearly unjustified on the record in the cause.

■■ Defendant had also contended in this court that the trial court relied in part on the murder indictment, although the plea was to voluntary manslaughter. While it could be improper to sentence a defendant based on the indictment instead of the final charge (*People v. Cooke*, 117 Ill. App.2d 296, 254 N.E.2d 293), it appears from the record that the court merely restated the facts of the case and was not using the murder indictment to justify a higher sentence.

For the reasons stated, the judgment of the Circuit Court of Rock Island County and the sentence of imprisonment imposed therein is herewith affirmed.

Judgment and sentence affirmed.

STOUDER and DIXON, JJ., concur.