THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD JAMES McDOLE, Defendant-Appellant.

Third District    No. 76-359

Opinion filed January 17, 1977.

William E. Stewart, of Kewanee, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a conviction and sentence of the circuit court of Henry County of 364 days of periodic imprisonment imposed upon the defendant, Howard McDole, for the charge of disorderly conduct.

The evidence presented at the trial is before us pursuant to a stipulation by the parties. A complaint was filed charging that the defendant did knowingly transmit a message to the Kewanee Boiler Corporation, Kewanee, Illinois, which was a false alarm that a bomb was concealed at said corporation, 101 Franklin Street, Kewanee, Illinois, where its explosion would endanger human life knowing at the time that there was no reasonable grounds to believe that a bomb was concealed in said corporation.

There was testimony at the trial that a message was received at the Kewanee Boiler Corporation on October 30, 1975, at 12:40 p.m. wherein a male voice stated: "The bomb will go off at 2:00 o'clock." Through apparatus installed by the telephone company, the said call was "trapped" and traced by telephone company employees to the defendant's address at 815 Rockwell Street, Kewanee, Illinois. A Kewanee police officer and a Kewanee fireman talked to each other from the phone at the defendant's residence and the phone at Kewanee Boiler Corporation without dialing any telephone number. The defendant was in the vicinity of 815 Rockwell Street at 12:40 p.m. on October 30, 1975. However, he denied that he placed any call to Kewanee Boiler Corporation on said date. The defendant was found guilty and a presentence investigation was ordered. A presentence investigation report was filed. At the sentencing hearing, the State's Attorney recommended a sentence in Vandalia of six months. The defendant was sentenced to periodic imprisonment for a period of 364 days with incarceration from 6 p.m. to 6 a.m. each day except weekends and from 6

p.m. Friday to 6 a.m. Monday, unless his employment required working on weekends.

On this appeal the defendant makes three assignments of error. First, the People failed to prove each of the elements of the offense beyond a reasonable doubt; second, the court improperly interpreted the statute covering the offense charged; and third, the sentence imposed was excessive.

This prosecution was initiated pursuant to section 26—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(4)), which in pertinent part provides:

"(a) A person commits disorderly conduct when he knowingly:
❋ ❋ ❋

(4) Transmits in any manner to another a false alarm to the effect that a bomb or other explosive of any nature is concealed in such place that its explosion would endanger human life, knowing at the time of such transmission that there is no reasonable ground for believing that such bomb or explosive is concealed in such place;
❋ ❋ ❋ "

The complaint charging the defendant with an offense is substantially in the language of the statute and includes the elements described therein.

It is defendant's argument that the telephone conversation proved did not refer to a bomb concealed on the premises of the boiler company and hence the charge in the complaint was not proved. We do not agree.

■■ We have no quarrel with the defendant's statement of the general principle of law that criminal statutes are to be strictly construed. (*People v. Eagle Food Centers, Inc.*, 31 Ill. 2d 535, 202 N.E.2d 473.) The rationale for the rule is that the deprivation of liberty which may result from the conviction of a criminal offense is so serious that a citizen is entitled to know that his conduct may be violative of the statute before he is liable for punishment. The conduct shown by the evidence with its legitimate inferences supports the allegations of the complaint. The statement made over the telephone is in itself sufficient to infer and the recipient did in fact so infer, that a bomb was concealed on the premises.

■■ ■ What we have heretofore said also substantially disposes of defendant's second assignment of error relating to the trial court's interpretation of the statute. (See *People v. Thillens*, 400 Ill. 224, 79 N.E.2d 609.) The statute adequately describes conduct in specific terms which includes the conduct shown by the evidence. We find no merit to the defendant's claim that the evidence shows merely annoying conduct violative of another section of the statute rather than the violation of the statute alleged. Lastly, defendant argues his sentence is excessive. The general rule is that the power to reduce a sentence which this court has

will be utilized only where it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose or that it is not proportionate to the nature of the offense. (*People v. Miller*, 33 Ill. 2d 439, 211 N.E.2d 708.) The sentence imposed in this case is within the range authorized by statute, and in view of the nature of the offense and its surrounding circumstances, we find no reason to disturb the sentence. As can be seen from the sentence and its provisions permitting defendant to work and continue his employment, it does appear the trial court made an effort to adjust the sentence with due regard to the situation of the defendant.

Finding no error in the judgment of the circuit court of Henry County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.