THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL E. MORRIS, Defendant-Appellant.

Third District   No. 77-134

Opinion filed December 7, 1977.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following a jury trial, the defendant, Michael Ellis Morris, was found guilty of burglary and was sentenced to a term of imprisonment of not

less than 4 nor more than 20 years. In this appeal, he contends the sentence was excessive.

It is the policy of this State to prescribe penalties which are proportionate to the seriousness of the offense and which allow for the possibility of rehabilitation. (Ill. Const. 1970, art. I, §11; Ill. Rev. Stat. 1975, ch. 38, pars. 1—2 & 1001—1—2.) In applying this policy, the "[a]dequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation." *People v. Lillie* (5th Dist. 1967), 79 Ill. App. 2d 174, 178, 223 N.E.2d 716, 719. Accord, *People v. Brown* (5th Dist. 1972), 7 Ill. App. 3d 58, 286 N.E.2d 389.

■■ When the appellate court is asked to exercise its power to reduce sentences however, that power will be exercised cautiously because the trial court is in a better position to determine the punishment to be imposed. (*People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) The basis for granting a reduction is not judicial clemency (*People v. Aristole* (1st Dist. 1971), 131 Ill. App. 2d 175, 268 N.E.2d 227), but rather evidence in the record of an abuse of discretion on the part of the trial court (*People v. Cole* (3d Dist. 1974), 23 Ill. App. 3d 620, 321 N.E.2d 71).

Burglary is a Class 2 felony (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(b)), and for a Class 2 felony, the maximum sentence "shall be any term in excess of one year not exceeding 20 years" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(3)), while the minimum sentence must be one year "unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a high minimum term * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(3)).

■■ Although the facts establishing guilt were merely that the defendant reached through the open window of an automobile and absconded with a set of wrenches, the presentence report indicated that the defendant had 12 prior convictions. Four of these convictions were felony convictions, three of which occurred prior to 1963. The defendant's most recent conviction occurred in Wisconsin, on June 2, 1973, and was for indecent behavior with a child. At the time of his arrest for the instant offense the defendant was on parole for the Wisconsin conviction.

The trial court expressed a concern not only with the seriousness of the felonies, but also with the fact that "after being convicted in 1973 of a felony in Wisconsin with a four year sentence indicating a mandatory release date of August 3, 1976, you are in trouble on August 16, 1976, in Peoria." Even though conceding that this offense was "not one of the more serious types," the history and character of the defendant warranted a minimum sentence greater than one year.

This is a rational conclusion and does not establish an abuse of discretion on the part of the trial court. Nor can we agree with the defendant that the maximum sentence imposed by the trial court implies that the trial court perceived virtually no possibility of rehabilitation. The trial court's reason for the high maximum was to keep the defendant in custody if he violated parole again. While protecting the public in the event the attempt at rehabilitating the defendant once again fails, the best interests of the defendant have been served since the defendant has been given both the opportunity and the incentive for rehabilitation by combining the long maximum sentence with a minimum sentence which could allow the defendant to receive parole in about three years. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 870.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.