THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN KISH, Defendant-Appellant.

Third District   No. 77-158

Opinion filed February 28, 1978.—Rehearing denied April 17, 1978.

STENGEL, J., dissenting.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
Following a stipulated bench trial, the defendant, John E. Kish, was found guilty of the unlawful possession of cannabis, barbituates and lysergic acid diethylamide (LSD). Although the defendant was sentenced for all three convictions, the defendant's appeal challenges only the

excessiveness of the sentence of not less than 6 nor more than 18 years imprisonment for the unlawful possession of more than 30 grams of LSD. In addition to this sentence, he received concurrent sentences of imprisonment of not less than 1 nor more than 5 years for the unlawful possession of barbituates and not less than 1 nor more than 3 years for the unlawful possession of cannabis.

■■ It is the policy of this State to prescribe penalties which are proportionate to the seriousness of the offenses and which allow for the possibility of rehabilitation. (Ill. Const. 1970, art. I, §11; Ill. Rev. Stat. 1975, ch. 38, pars. 1, 2, and 1001—1—2.) In applying this policy, the "[a]dequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation." *People v. Lillie* (5th Dist. 1967), 79 Ill. App. 2d 174, 178, 223 N.E.2d 716, 719. Accord, *People v. Brown* (5th Dist. 1972), 7 Ill. App. 3d 58, 286 N.E.2d 389.

■■ When the appellate court is asked to exercise its power to reduce sentences, that power will be exercised cautiously because the trial court is in a better position to determine the punishment to be imposed. (*People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) The basis for granting a reduction is not judicial clemency (*People v. Aristole* (1st Dist. 1971), 131 Ill. App. 2d 175, 268 N.E.2d 227), but rather evidence in the record of an abuse of discretion on the part of the trial court. (*People v. Cole* (3d Dist. 1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.) While protecting the public in the event the attempt at rehabilitating the defendant fails, the best interests of the defendant are served by providing him with both the opportunity and incentive for rehabilitation by combining a long maximum sentence with a minimum sentence which would allow the defendant to receive parole in a relatively short time. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

The unlawful possession of more than 30 grams of LSD is a Class 1 felony (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(a)(8)), and for a Class 1 felony, the maximum sentence "shall be any term in excess of 4 years" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(2)), while the minimum sentence must be 4 years "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).

At the sentencing hearing no formal evidence in aggravation and mitigation was offered to the trial court. However, the argument of counsel indicated that this 18-year-old defendant had committed a robbery as a juvenile for which he was declared delinquent. In addition, the defendant explained to the trial court that he had been addicted to drugs since he was 13 or 14 years old.

The sentencing judge acknowledged that the source of the defendant's problems was his use of drugs, but noted that the violations for which the defendant was convicted did not enable the defendant to elect drug treatment in lieu of imprisonment, as provided by the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8). However, the basis of the 6-year minimum appears to be the deduction by the trial court that the large amount of LSD discovered in the defendant's possession indicated that the defendant may have been more than a casual user.

This inference, that possession indicates more than a casual user, is built into the statutory penalties. (Compare Ill. Rev. Stat. 1975, ch. 56½, par. 1402(a), with par. 1402(b).) Therefore, this consideration alone cannot justify a minimum sentence greater than 4 years. This is especially so in light of the recognition by the trial court that the defendant's problems stem from his use of drugs.

In *People v. Gama* (3d Dist. 1975), 33 Ill. App. 3d 869, 338 N.E.2d 583, this court did not hesitate to uphold a sentence of 6 to 18 years where the evidence established that the defendant had been involved in a series of drug transactions of heroin, cocaine and amphetamines, drugs which the legislature has deemed the most dangerous. Similarly, this court will uphold a sentence greater than the statutory requirement if the history of the defendant so warrants. (*E.g., People v. Morris* (3d Dist. 1977), 54 Ill. App. 3d 1039, 370 N.E.2d 308, in which the defendant had 12 prior convictions, four of which were felonies, and had committed the offense charged only 13 days after his mandatory release date on a felony conviction in Wisconsin.) These aggravating factors do not appear in the case at bar.

■■ The history of this defendant supports the view that he is not an incorrigible criminal, but is a young man with a drug problem. Neither the defendant's history nor the character of the crime, mere possession with no aggravating circumstances, warrant the 6-year minimum sentence. To this extent the trial court abused its discretion.

With a 4-year minimum sentence, the defendant will be able to apply for parole in 3 years, while the 6-year sentence makes parole available to the defendant in 4 years and 6 months. However, it is a valid concern that, if the defendant is unable to overcome his drug problem, the defendant will become a parasite on society in order to feed his habit. For that reason, the defendant will be given an opportunity to rehabilitate by reason of our imposing a 4-year minimum sentence, but the defendant's incentive to rehabilitate, by reason of the continued interest of the State in the defendant's life, ought to remain great. Therefore, the maximum sentence of 18 years will not be reduced.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed, but the sentence of the defendant for the unlawful possession of

more than 30 grams of LSD is modified to a term of imprisonment of not less than 4 nor more than 18 years to run concurrently with the sentences imposed for the unlawful possession of cannabis and barbiturates.

Affirmed as modified.

SCOTT, J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I dissent. Our supreme court in the recent case of *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, reaffirmed the principle enunciated in numerous earlier decisions that "absent an abuse of discretion, the sentence of the trial court may not be altered upon review." (68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) I find no abuse of discretion in the present case.

The majority indicates the trial judge abused his discretion by taking into consideration in his sentence determination the large amount of LSD discovered in the defendant's possession. As I interpret the clear language of section 5—8—1(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2)), the trial court is not only permitted, but required, to consider the "nature and circumstances of the offense" for which the defendant has been convicted. Certainly the quantity of illicit drugs found in the defendant's possession is a proper circumstance of the offense to be taken into consideration by the trial court in imposing sentence. I do not believe the experienced trial court judge in this case considered improper factors in reaching his sentencing determination. Similarly, I find no indication that he failed to consider any proper factors in making his sentence decision. On the contrary, the record reveals that the trial judge was fully aware of the defendant's past record, his family situation, his drug problem and his alleged desire to receive assistance in overcoming that problem.

On the question of sentence reduction this court has stated, "It is not a matter of what disposition would have been made by this court, if we had been sitting as trial judges, but rather whether the action of the trial court requires our intervention to reduce the minimum sentence." (*People v. Harris* (3d Dist. 1976), 40 Ill. App. 3d 204, 207, 351 N.E.2d 890, 893.) Unless the record reveals that the trial court considered improper factors or failed to consider proper factors in making his sentence determination our intervention to reduce the imposed sentence is unwarranted. I find no such situation in the present case. The 6- to 18-year sentence imposed does not constitute a substantial departure from the fundamental law and its spirit nor is it disproportionate to the nature of the offense. (*People v. McDole* (3d Dist. 1977), 48 Ill. App. 3d 663, 359 N.E.2d 226.) I believe the sentence should be affirmed without modification.