THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS H. WELLS, Defendant-Appellant.

Third District  No. 77-115

Opinion filed March 10, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant, Douglas H. Wells, appeals from his convictions of armed robbery and attempt murder. Following a jury trial in the Circuit Court of Rock Island County, Wells was convicted of both crimes and was sentenced to concurrent terms of from 20 to 60 years in the penitentiary for each.

Defendant was charged by information with the armed robbery of and attempt murder of Mrs. Aileen Thomas at the office of Rent-A-Car in Moline on September 24, 1976. Defendant robbed Mrs. Thomas at gunpoint, struck her along side of the head, and told her to turn her back whereupon he shot her twice in the back of the head.

On appeal defendant was represented by the office of the State Appellate Defender who filed a brief in his behalf. That brief presented only one issue on review: whether the 20- to 60-year sentence imposed upon defendant was excessive.

Defendant also filed a supplemental brief in his own behalf pro se. In that brief he urges that the trial court erred in failing to inadvertently give to the jury 2 instructions pertaining to the offense of attempt murder and to a lesser included offense.

■■ We choose to initially discuss the issue raised by defendant pro se. Although defendant presents his arguments pro se and without the benefit of counsel to assist him in structuring his legal theory or in citing appropriate authority we cannot allow him to totally ignore following of the procedures established for appellate review. As the State quickly pointed out in its brief and argument, the defendant failed to include the alleged errors regarding the jury instructions in his post-trial motions, and hence preserve them for appellate review. That omission waived any error in the instructions unless the error was substantial and the interests of justice require that it be examined on appeal. (*People v. Springs* (1972), 51 Ill. 2d 418, 283 N.E.2d 225; *People v. Neal* (3d Dist. 1975), 26 Ill. App. 3d 22, 324 N.E.2d 476.) Most importantly, in this case the defendant has also failed to abstract any of the instructions, either those given or those refused, and thereby precluded our consideration of the errors he alleges. (*People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214; *People v. Villanueva* (3d Dist. 1977), 46 Ill. App. 3d 826, 361 N.E.2d 357.) Although the record

is therefore incomplete, from the evidence preserved in the record we find the instructions actually given to the jury adequately cover all the issues with which the missing instructions would have been concerned. The two instructions omitted appear to have been merely supplemental to the otherwise accurate instructions on the elements of both attempt murder and the included offense of aggravated battery.

As a second issue presented for review, raised in the brief of the Appellate Defender, defendant claims that his concurrent sentences of from 20 to 60 years are excessive. We do not agree. Armed robbery is a Class 1 felony with a minimum mandatory sentence of a term of 4 years. (Ill. Rev. Stat. 1975, ch. 38, pars. 18—2, 1005—8—1.) By statute the sentence for attempt murder shall not exceed the sentence for a Class 1 felony. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4(c), 1005—8—1.) The trial court is obligated at the sentencing hearing to consider the nature and circumstances of the offense and the history and character of the defendant if he is to impose a sentence of greater than the minimum term. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c).) This the trial court did and as a result set a higher minimum term for Wells. The trial judge heard considerable history of the defendant at the sentencing hearing including his prior criminal convictions which included five misdemeanors and a felony.[1] The trial judge was also well aware of defendant's vicious and unprovoked attack upon Mrs. Thomas during the armed robbery in which he not only beat the victim but then had her turn around and shot her twice in the back of the head. The trial judge pointed out at the sentencing hearing that the defendant seemed to have progressed from crimes against property only, to crimes against the person, with the latest resulting in serious bodily injury to the victim.

■■ Defendant also argues that the trial court placed too much emphasis on his prior criminal record and on statements and acts defendant made and did while in custody. During his incarceration in the county jail he apparently became involved in a fight with another inmate. A sheriff's deputy also testified that defendant stated to him of Mrs. Thomas that "if she died she couldn't testify." Although defendant contradicted this statement, and tried to mitigate any adverse effect of his fight at the county jail, the trial court chose to disbelieve him. We defer our assessment of the various witnesses' credibility at the sentencing hearing to the trial judge who was better able to view the witnesses and their demeanor and heard the testimony first hand. The trial court stands in the best position to determine what sentence should be imposed on

---

[1] Defendant had a prior felony conviction of burglary, and misdemeanor convictions of disorderly conduct, criminal trespass, theft of property under $150 in value, and two convictions of public indecency.

criminal offenders. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We will not reduce the punishment imposed by the trial court unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit or purpose, or that the penalty imposed is not proportionate to the nature of the crime. (*People v. McDole* (3d Dist. 1977), 48 Ill. App. 3d 663, 359 N.E.2d 226.) We do not believe the trial court abused its broad discretion in sentencing Wells to a prison term in excess of the minimum term. In a similar case involving armed robbery alone we have allowed a lengthy sentence in excess of the minimum term under facts similar to the instant case to stand. (*People v. Ellis* (3d Dist. 1976), 39 Ill. App. 3d 766, 350 N.E.2d 265.) In the recent case of *People v. Morris* (3d Dist. 1977), 54 Ill. App. 3d 1039, 370 N.E.2d 308, we recited at length the determining factors in deciding whether to reduce a sentence on appeal. We will not repeat the same reasoning again but refer to our decision in the *Morris* case.

Accordingly, we also find no abuse of discretion or error in the sentence imposed by the trial court, and order that the judgment of the Circuit Court of Rock Island be affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.