THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAUL R. PHILLIPS, Defendant-Appellant.

Third District   No. 77-154

Opinion filed March 17, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Tazewell County, defendant Paul Phillips was convicted of murder and sentenced to a term of 70 to 95 years in prison. (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)(1).) The sole issue raised on appeal is whether the sentence imposed is excessive.

The facts of this brutal crime are as follows. On August 18, 1976, defendant called Brenda Roberts, with whom he had become acquainted through various church functions, and asked her to meet him later that evening at Illinois Central College. Brenda agreed and met defendant in the hallway of one of the college's classroom buildings. As they conversed defendant became "very much angry" because Brenda did not seem sufficiently interested in his problems. Defendant attacked the young woman throwing her onto the floor of a ladies restroom and strangling her with his hands. He removed one of her nylon stockings, tied it around her neck and continued to strangle her until she lost consciousness. While the victim was unconscious defendant removed her clothing and attempted to have sexual intercourse with her. He then placed her body in a restroom cubicle and used her sweater in an attempt to wipe any fingerprints from the area.

At trial defendant raised a defense of insanity calling an expert witness who testified that defendant, at the time of the crime, was unable to conform his conduct to the requirements of the law. The State countered with its own expert who stated that defendant could both appreciate the criminality of his acts and conform those acts to the requirements of law. The jury found defendant guilty of murder. No formal evidence in aggravation or mitigation was offered at the sentencing hearing, but a presentence report was introduced indicating that defendant had a lengthy history of mental difficulties for which he had undergone psychiatric care. His juvenile record consisted of indecent exposure, obscene phone calls and other sexually related conduct. As an adult, he was twice convicted of contributing to the sexual delinquency of a minor and committed to the Department of Corrections as a sexually dangerous person based on charges of attempted murder, kidnapping, and aggravated battery. The presentence investigation officer recommended a sentence of 300 to 600 years. The trial judge, noting that defendant was a "menace to society" who "ought not to be out on the streets," sentenced defendant to a term of 70 to 95 years in prison.

Defendant contends the sentence imposed upon him is excessive and he asks this court to employ its power under Supreme Court Rule 615 to reduce it. (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4).) We refuse to do so.

■■ This court's power to reduce sentences is narrowly limited to those cases where the record clearly reveals that the trial court abused its discretion in imposing sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882). The reasons supporting the narrow construction of our power under Rule 615 are obvious and have been frequently enunciated. A proper sentence must be based upon the particular circumstances of each case. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338

N.E.2d 168.) Included among the factors to be considered in imposing sentence are the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. (*People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590). Also to be taken into consideration are the "nature and circumstances of the offense" for which defendant is being sentenced. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(1).) The trial judge, who has the opportunity to hear the evidence presented and to observe the defendant, is in a far superior position to evaluate these factors than a court of review which is limited to the facts contained in a cold record. *People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764.

The circumstances of the present case portray a vicious, senseless and unprovoked murder by the defendant of a young woman who tried to befriend him. The defendant's attempt to sexually abuse the victim's corpse adds to the heinous nature of the offense. Furthermore, this was not defendant's first crime. His previous record indicates his propensity toward violent sexual crimes as he progressed from indecent exposure to contributing to the sexual delinquency of a minor to attempted murder and finally to murder itself. Defendant claims the trial judge failed to consider his potential for rehabilitation. Attempts have been made to rehabilitate defendant since he was 14 years old. The attempts were obviously futile; the seriousness of his crimes has steadily increased. As the presentence report states, "In the past, psychiatrists have felt that he could function in society, but it was only a matter of time until another offense occurred." Defendant murdered Brenda Roberts slightly more than one month after psychiatrists determined he was no longer a sexually dangerous person and recommended his discharge from the Department of Corrections. These then were the facts regarding the nature and circumstances of the offense and the history and character of the defendant that were before the trial judge when he made his sentence determination. Based on these facts, we cannot say the trial judge abused his discretion in concluding that defendant is a "menace to society" who should not be allowed out on the streets.

■■ In support of his request for sentence reduction defendant lists 28 murder cases decided between 1975 and 1977 and claims that the sentence imposed in the present case is "grossly out of line when compared to typical sentences" imposed in those cases. We find this data to be irrelevant. As stated previously, a proper sentence determination must be based on the particular circumstances of each individual case. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) The question to be decided is not whether the sentence imposed is "typical," but whether the sentence imposed is so inappropriate that it evinces an abuse of discretion by the trial court. The sentence in the present case does not

constitute a substantial departure from the fundamental law and its spirit, nor is it disproportionate to the nature of the offense. *People v. McDole* (3d Dist. 1977), 48 Ill. App. 3d 663, 359 N.E.2d 226.

■■ Finally, defendant claims the trial judge did not limit himself to consideration of relevant factors in determining the appropriate sentence to impose. Under the present Unified Code of Corrections every person confined to a penal institution is eligible for parole when he has served 20 years less time credit for good behavior. (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3.) This means that despite the stated minimum sentence of 70 years, this defendant will be eligible for parole after serving 11 years and 3 months, assuming good behavior. Defendant notes that the trial judge, in his comments before passing sentence, expressed dissatisfaction and frustration with that sentencing law and this court has itself expressed some frustration as a result of that very same statute. (*People v. Doom* (3d Dist. 1977), 48 Ill. App. 3d 959, 363 N.E.2d 457.) We have noted that the effect of the pertinent provision is to make a court's carefully considered decision to impose a lengthy sentence "a classic exercise in futility." (48 Ill. App. 3d 959, 962, 363 N.E.2d 457, 460.) Other courts have cited the statute as a factor weighing against reduction of lengthy minimum sentences. (*People v. Henderson* (1st Dist. 1976), 39 Ill. App. 3d 164, 351 N.E.2d 225.) A defendant who stands convicted of a heinous and atrocious crime had nothing to complain about when the sentencing judge notes with frustration that whether he imposes a minimum term of 50 or 500 years, it will be treated for purposes of parole as if it were a 20-year sentence. In any event, we do not believe the trial judge based his sentence decision on his feelings of frustration or dissatisfaction. Rather, we believe the trial judge properly based his sentence determination on the nature and circumstances of the offense and the history and character of the defendant, all of which amply support the judge's sentence of 70 to 95 years.

For the foregoing reasons, the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.