THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALAN SUGANO, Defendant-Appellant.

Third District   No. 79-1

Opinion filed September 28, 1979.

Marvin Leavitt and David M. Schneider, both of Leavitt & Schneider, of Chicago, for appellant.

James E. Hinterlong, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Alan Sugano appeals from a sentence imposed by the Circuit Court of La Salle County of a term of not more than three years in the penitentiary. Defendant had pleaded guilty to the offense involving the sale of less than an ounce of cocaine, in violation of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401). Defendant had applied for probation. His application for probation was denied and he was sentenced to the minimum prison term referred to, as a result of the sale of cocaine.

On appeal in this court, defendant contends that the trial judge committed a mistake of law and denied him due process when he sentenced him to imprisonment, rather than probation. Basically, the defendant contends that the trial court abused its discretion in imposing the sentence.

Defendant pleaded guilty to the sale of less than one ounce of a controlled substance, i.e., cocaine. At the sentencing hearing, the State called three witnesses in aggravation, and defendant testified in mitigation. Two agents of the Illinois Department of Law Enforcement testified as to conducting a transaction to purchase narcotics through a drug source, provided to them by an informer. During their phone conversation, that drug source told the agents that they could talk with the dealer directly, and he put Alan Sugano on the phone. Sugano discussed a sale of cocaine with the agents on the telephone and arranged for the sale of one ounce of cocaine to them the following day, the sale to be accomplished at the Roosevelt University student lounge. Sugano was a student at the university at the times referred to herein.

The agents indicated that they desired to purchase four ounces of cocaine, but Sugano stated to them that he didn't have the money to get that much cocaine all at once. He stated that he could obtain that much for the buyers if they were willing to buy in smaller quantities over a period of time. The following day, after the initial telephone conversation with Sugano, the agents met with him at the appointed time and place, but he was unable to obtain the cocaine until later in the day. The agents advised him that they couldn't wait but that they would conclude the sale the following day at a different location. The police set up surveillance at

that location, a service station on the interstate highway, and the following day Sugano met with one of the agents there and delivered the cocaine to him. Sugano indicated to the agents that he had both a primary and secondary source for narcotics and that he had to be careful because his sources were "heavy people who were suit and tie types and very businesslike." Sugano had also said to the agents that if they liked the first ounce of cocaine, he could provide more. The "street value" of the 27.5 grams of cocaine which was sold to the agents, was upwards of $2,000, according to the witnesses for the State.

Another witness in aggravation was a State informant who had previously been convicted for his part in a drug sale in September of 1977. The informant, William Warren, testified that in September he sold an ounce of cocaine to the same agents who had bought later from Sugano. He testified that he obtained cocaine from Sugano and another person.

Defendant Sugano testified in mitigation. He admitted his participation in both the October sale, for which he had been charged, and the September sale testified to by Warren. He also testified that he was a senior student at Roosevelt University and was having difficulty meeting his expenses. He was attending school through a combination of scholarship aid and his employment as a taxi driver in Chicago. He stated that he became involved in the narcotics business solely to raise sufficient funds to complete his last semester of school. He expressed extreme regret for his conduct. Sugano had no prior record. He introduced, in support of his testimony, two letters attesting to his good character from reputable persons in his home community and at the university.

After the trial court had heard the evidence presented at the sentencing hearing, he sentenced Sugano to a minimum term for the offense of sale of less than one ounce of a controlled substance, being cocaine (of not more than 3 years in prison, as we have noted previously). In fixing this punishment, the court noted the quantity of the drug involved, the business-like manner of the sale, and the fact that the defendant's motive was profit only. The court also noted that what was involved in the case was not a casual amount of narcotics, but rather a sizeable amount with intent to supply more in the future. On the basis of these considerations, the court denied probation.

Defendant filed a motion thereafter to vacate the guilty plea and vacate the judgment. The motion was denied. On appeal now, in this court, defendant contends that the trial court abused its discretion in denying him probation and in setting a prison term, as has been noted. On the issue of discretion of the trial court in denying probation, we stated in the case of *People v. Phillips* (1978), 58 Ill. App. 3d 109, 110-11, 373 N.E.2d 1072:

"This court's power to reduce sentences is narrowly limited to those cases where the record clearly reveals that the trial court abused its discretion in imposing sentence. [Citation.] The reasons supporting the narrow construction of our power under Rule 615 are obvious and have been frequently enunciated. A proper sentence must be based upon the particular circumstances in each case. [Citation.] Included among the factors to be considered in imposing sentence are the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. [Citation.] Also to be taken into consideration are the 'nature and circumstances of the offense' for which defendant is being sentenced. [Citation.] The trial judge, who has the opportunity to hear the evidence presented and to observe the defendant, is in a far superior position to evaluate these factors than a court of review which is limited to the facts contained in a cold record."

We must, also, note the pertinent statutory provisions bearing upon this case. Section 5—6—1 of the new Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—6—1) states:

"(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender, unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice. * * *"

It is further stated in another provision, section 411 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1411), in pertinent part, that:

"In determining the appropriate sentence for any conviction under this Act, the sentencing court may consider the following as indicative of the type of offenses which the legislature deems most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties:

(1) the unlawful delivery of the most highly toxic substances, as reflected by their inclusion in Schedule I or II of this Act;

(2) offenses involving unusually large quantities of

controlled substances, as measured by their wholesale value at the time of the offense;

(3) the unlawful delivery of a controlled substance by a non-user to a user of controlled substances:

* * *

Nothing in this section shall be construed as limiting in any way the discretion of the court to impose any sentence authorized by this Act."

The circumstances of the instant case have already been noted. Sugano was directly involved in the sale of substantial amounts of cocaine. Cocaine is a controlled substance listed in schedule II of the Act. Sugano sold 27.5 grams of cocaine to two agents for a street value of upwards of $2,000. It was not a casual sale among friends. The evidence in aggravation indicated Sugano had also been involved in a previous drug sale of cocaine in September and that he had indicated his willingness and ability to provide more such drugs for the undercover agents in the future. He told the agents that he dealt with professional people in the narcotics trade and that he had more than one source for illicit drugs. In view of these facts and circumstances, we conclude that the trial court acted within its discretion when it determined that probation would be denied because of the serious nature of the offense and its surrounding circumstances. The court could be properly considering that probation would have deprecated the seriousness of the conduct involved, particularly when the campus setting is noted. We find no abuse of discretion in the trial court's finding.

We have given consideration to the mitigating factors, including Sugano's use of the profits for his schooling, his apparent short-term participation in the drug business on campus, and his lack of prior conviction. The trial court's judgment as to those factors weighing for probation did not, in the balance, counteract the serious nature of the offense of sale of cocaine in the amount and manner accomplished in this case. Delivery of less than 30 grams of cocaine is a Class 2 felony (Ill. Rev. Stat. 1978 Supp., ch. 56½, par. 1401). The criminal code provides for a determinate sentence of not less than 3 years nor more than 7 years for such offense. (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—8—1.) In addition to probation, there was available to the trial court the right to impose an even more severe sentence than was in fact imposed. Considering circumstances of this case, a sentence of the statutory minimum term of imprisonment should not be reversed by a reviewing court under the record in this case.

In the instant case, the trial court explained its reasons for rejecting probation. There is adequate support in the statutory provisions dealing

with controlled substances and sentencing. We also find no support in the record for the contention that the sentence imposed was based solely on the amount of cocaine sold.

For the reasons stated, the judgment and sentence imposed by the Circuit Court of La Salle County in this case are affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.