**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210263-U

Order filed November 14, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal Nos. 3-21-0263 and 3-21-0264 Circuit Nos. 16-CF-308 and 17-CF-328 |
| | ) | |
| MICHELLE L. JONES, | ) ) | Honorable Gregory G. Chickris, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not abuse its discretion by sentencing defendant to a term of imprisonment.

¶ 2     Defendant, Michelle L. Jones, appeals from the Henry County circuit court's denial of her motion to reconsider sentence. Defendant argues the court abused its discretion by sentencing her to a term of imprisonment because the State failed to present any evidence in aggravation and

the court failed to properly weigh the endangerment posed by defendant's medical conditions. We affirm.

¶ 3                                                      I. BACKGROUND

¶ 4        Defendant was charged with unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(11) (West 2016)) and unlawful possession of a controlled substance (*id.* § 402(c)) in case No. 16-CF-308. Defendant entered a negotiated plea of guilty to unlawful possession with intent to deliver a controlled substance in exchange for the State's dismissal of the remaining charge. Pursuant to the plea, defendant was sentenced to 48 months of probation. The terms of the probation order prohibited her from possessing or using any controlled substances.

¶ 5        While on probation, defendant was charged with unlawful possession of methamphetamine with intent to deliver (720 ILCS 646/55(a)(1) (West 2016)), possession of methamphetamine (*id.* § 60(a)), and possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2016)) in case No. 17-CF-328. Additionally, the State filed a petition to revoke defendant's probation in case No. 16-CF-308 which referenced the charges in case No. 17-CF-328. In case No. 17-CF-328, defendant pled guilty to unlawful possession of methamphetamine with intent to deliver, and the State dismissed the remaining charges. In case No. 16-CF-308, defendant admitted the unlawful possession with intent to deliver allegation in the petition to revoke her probation, and the court granted the State's motion. Pursuant to the plea, defendant was sentenced to 36 months of probation and 180 days in jail in case No. 17-CF-328. Defendant was prohibited from possessing or using controlled substances while on probation.

¶ 6        Thereafter, in both cases, the State filed a petition to revoke probation alleging that defendant tested positive for marijuana and methamphetamine. The State filed a supplemental

2

petition to revoke probation alleging defendant admitted to using methamphetamine. Defendant entered a blind admission of guilt to the allegations that she tested positive for controlled substances. The court accepted the admission. The court set the case for sentencing and ordered a presentence investigation report (PSI).

¶ 7        The PSI indicated defendant had prior drug offenses including unlawful possession of cannabis and unlawful possession of a controlled substance. Defendant reported that she was legally blind and had other health conditions. Defendant also had an extensive history of substance abuse.

¶ 8        The case was continued numerous times. During a status hearing, almost one year later, the court ordered an updated PSI. The updated PSI included additional information regarding defendant's health.

¶ 9        At the sentencing hearing, the State did not offer any formal evidence in aggravation. In mitigation, defense counsel presented defendant's unsworn statement. Defendant stated her health had diminished in recent years. She was "past legally blind" due to her underlying illnesses of rheumatoid arthritis and sarcoidosis. Defendant regularly saw several specialists for her conditions. Defendant accepted responsibility for her relapses and asked the court for leniency. Defendant requested the court either reinstate her probation or discharge her probation due to her health.

¶ 10       The State argued for a sentence of four years' imprisonment on each case. Defense counsel argued for the court to unsuccessfully discharge defendant from probation based on defendant's health. Alternatively, defense counsel argued for another term of probation. The court responded:

"The Court has considered the factual basis for the offenses, the evidence presented at trial, the [PSI], the history, character, and attitude of the defendant—and I would say her attitude today is very good—the evidence and arguments presented in this hearing, the unsworn statement of the defendant, the statutory factors in mitigation and aggravation, the financial cost of incarceration, and the circumstances of these offenses.

The Court finds that a sentence of probation or conditional discharge would deprecate the seriousness of the crimes committed and would be inconsistent with the ends of justice and that a sentence of imprisonment is necessary for the protection of the public.

Here's the problem: You didn't comply with probation. You continually violated the law during the greater portion of the probation. I'm sure that Probation doesn't want you back. Recently, it appears you've been doing very good, and your attitude has been very good, but that doesn't undercut what went on before. I can't, in good conscience, sweep the previous conduct under the rug by basically letting you off the hook and sending a message that all you have to do is go to inpatient treatment a few years ago, and then you can continually not do what you're supposed to do."

The court revoked defendant's probation and sentenced defendant to four years' imprisonment for unlawful possession with intent to deliver a controlled substance in case No. 16-CF-308. The court also sentenced defendant to a concurrent term of three years' imprisonment for unlawful

possession of methamphetamine with intent to deliver in case No. 17-CF-328. Defense counsel filed a motion to reconsider sentence arguing defendant's sentence was excessive.

¶ 11      At the motion hearing, defense counsel argued for a term of probation based on defendant's health. The State argued the sentence was appropriate. The court continued the case and said:

> "And then see if you can figure out through the records when's the last time she took meth. I'm concerned about two things: (1) She has all these health problems which she says are going to get worse and be devastating, but yet she's taking meth during the same time period that she has these health problems. It didn't seem to matter to her then, but now that she has to go to prison, it's a big deal."

¶ 12      At the resumed hearing, defendant's probation officer testified that defendant had a substance abuse evaluation and was recommended for inpatient treatment. Defendant was placed on a waitlist since she was preparing to have eye surgery. In the interim, court services recommended outpatient treatment. Defendant completed orientation and one skills group. Defendant did not return for any further outpatient services. Defendant was discharged from outpatient treatment due to lack of communication.

¶ 13      Defendant testified that she did not maintain contact with outpatient services because she had gotten back on track with her recovery. Additionally, defendant's doctors recommended she minimize travel due to her higher risk of contracting COVID-19 which is why she did not continue outpatient services or start inpatient services. Additionally, defendant requested the substance abuse evaluation, and inpatient and outpatient services. None were recommended or ordered. Defendant was scared when she relapsed and thought she needed inpatient services but

5

then realized she could utilize what she had previously learned in rehabilitation. Defendant no longer thought the services were necessary.

¶ 14     The court did not find defendant credible and denied the motion to reconsider. Defendant appeals.

¶ 15                                    II. ANALYSIS

¶ 16     Defendant argues the circuit court abused its discretion by sentencing her to a term of imprisonment because the State failed to present any evidence in aggravation and the court failed to properly weigh the endangerment of defendant's medical condition. In support of this argument, defendant cites to *People v. Kish*, 58 Ill. App. 3d 215 (1978).

¶ 17     "It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently." *Id.* at 800-01. A sentence that falls within the statutorily prescribed range is presumptively valid (*People v. Busse*, 2016 IL App (1st) 142941, ¶ 27), and "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense." *People v. Franks*, 292 Ill. App. 3d 776, 779 (1997).

¶ 18     The sentencing range for unlawful possession with intent to deliver a controlled substance is 4 to 15 years' imprisonment. 730 ILCS 5/5-4.5-30 (West 2016). The sentencing range for unlawful possession of methamphetamine with intent to deliver is three to seven years' imprisonment. *Id.* § 5-4.5-35. Since defendant's sentences are within the applicable ranges; they are presumptively valid. See *Busse*, 2016 IL App (1st) 142941, ¶ 27.

6

¶ 19    " 'A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation.' " *People v. Flores*, 404 Ill. App. 3d 155, 157 (2010) (quoting *People v. Roberts*, 338 Ill. App. 3d 245, 251 (2003)). "The existence of mitigating factors does not obligate the trial court to impose the minimum sentence" (*People v. Garibay*, 366 Ill. App. 3d 1103, 1109 (2006)), and does not preclude it from imposing the maximum sentence (*People v. Pippen*, 324 Ill. App. 3d 649, 652 (2001)). The absence of aggravating factors does not require the circuit court to impose the minimum sentence. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002). We presume the court considered the relevant factors and mitigation evidence presented. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. The court is not required to "recite and assign a value to each factor." *Id.* It is defendant's burden to show that the court did not consider the relevant factors. *Id.*

¶ 20    The record clearly shows the circuit court considered defendant's medical conditions during the sentencing hearing and the hearing on the motion to reconsider. See 730 ILCS 5/5-5-3.1(a)(12) (West 2016). Accordingly, we "must not substitute [our] judgment for that of the trial court simply because [we] would have weighed the factors differently." *Jackson*, 375 Ill. App. 3d at 800-01. Additionally, the lack of evidence in aggravation does not prevent the court from sentencing defendant beyond the minimum sentence (*Quintana*, 332 Ill. App. 3d at 109), so we are not convinced that it prevents the court from imposing the minimum. Moreover, while the State did not present formal evidence in aggravation, the court noted several aggravating factors. *Supra* ¶ 10; see also 730 ILCS 5/5-5-3.2(a)(1), (3), (12) (West 2016).

¶ 21    Finally, we are not persuaded that our decision in *Kish*, 58 Ill. App. 3d at 216-17, directs the outcome in this case. In *Kish*, we found the circuit court abused its discretion because it sentenced defendant beyond the minimum based on an inference inherent in the statutory

penalties. *Id.* Here, defendant was sentenced to the minimum term of incarceration for each offense and the court based its decision on appropriate aggravating factors. Thus, the court did not abuse its discretion in sentencing defendant to a term of imprisonment.

¶ 22                                    III. CONCLUSION

¶ 23          The judgment of the circuit court of Henry County is affirmed.

¶ 24          Affirmed.